UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HTC CORPORATION | ) | |
| 23 Xinghua Rd., Taoyuan 330, | ) | |
| Taiwan, R.O.C. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HTC AMERICA, INC. | ) | |
| 13920 SE Eastgate Way, Suite 400 | ) | Case No. 1:08-cv-01897- RMC |
| Bellevue, WA 98005, U.S.A. | ) | |
| | ) | |
|     Plaintiffs and | ) | |
|     Counterclaim-Defendants | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| IPCOM GMBH & CO., KG, | ) | |
| Zugspitzstrasse 15 | ) | |
| Pullach, Germany 82049 | ) | |
| | ) | |
|     Defendant and | ) | |
|     Counterclaim-Plaintiff | ) | |
| _____ | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant IPCom GMBH & Co., KG ("IPCom") answers Plaintiffs' Complaint for

Declaratory Judgment as follows:

**THE PARTIES**

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

1

## JURISDICTION AND VENUE

4.  IPCom admits that HTC Corporation and HTC America collectively, "HTC") contend to have brought an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et. seq.* seeking a declaratory judgment that no valid and enforceable claim of the '216 patent is infringed by Plaintiffs. IPCom admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2002, 1331 and 1338(a). IPCom denies any remaining allegations of Paragraph 4.

5.  IPCom admits that it is not a United States resident. IPCom denies that it has not filed a written designation of an agent of service of process pursuant to 35 U.S.C. § 293. IPCom admits that, pursuant to 35 U.S.C. § 293, venue is proper in this district. IPCom denies that this Court has personal jurisdiction over it with respect to Plaintiffs' claims.

## BACKGROUND

6.  IPCom admits that there is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202. IPCom admits that IPCom initiated a patent lawsuit in Germany based on German Patent 41 36 147. IPCom denies the remaining allegations of Paragraph 6.

7.  IPCom admits that there is an actual and justiciable controversy under 28 U.S.C. §§ 2201 and 2202. IPCom denies the remaining allegations of Paragraph 7.

## DECLARATORY JUDGMENT REGARDING THE '216 PATENT

8.  IPCom admits that Plaintiffs wish to restate and reallege and to incorporate by reference the allegations set forth in Paragraphs 1 through 7.

9.  Denied.

## PRAYER FOR RELIEF

2

IPCom denies that Plaintiffs are entitled to any of the grounds for relief enumerated in its Complaint for Declaratory Judgment and respectfully requests the Court enter judgment against Plaintiffs on their claims.

## COUNTERCLAIMS FOR PATENT INFRINGEMENT

IPCom realleges and incorporates by reference the allegations made above in paragraphs 1 through 9 in this Answer and further avers as follows:

## JURISDICTION AND VENUE

10. IPCom's counterclaims arise under the patent laws of the United States, Title 35 of the United State Code.

11. This Court has subject matter jurisdiction over IPCom's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FACTUAL BACKGROUND

**A.    The Patented Technologies**

13. On February 14, 1995, the United States Patent and Trademark Office (the "PTO") duly and legally issued U.S. Patent No. 5,390,216, entitled "Synchronization Method for a Mobile Radiotelephone" (the "'216 patent"). A true and correct copy of the '216 patent is attached as Exhibit A.

14. On May 9, 2006, the PTO duly and legally issued U.S. Patent No. 7,043,751, entitled "Method of Allocating Access Rights to a Telecommunications Channel to Subscriber Stations of a Telecommunications Network and Subscriber Station" (the "'751

3

patent"). A true and correct copy of the '751 patent is attached as Exhibit B.

15.     On April 12, 2005, the PTO issued U.S. Patent 6,879,830, entitled "Method for Handover, Mobile Station for Handover and Base Station for Handover" (the "'830 patent"). A true and correct copy of the '830 patent is attached as Exhibit C.

16.     In accordance with 35 U.S.C. § 282, each of the '216, '751 and '830 patents is presumed valid.

17.     Each of the '216, '751 and '830 patents relates generally to mobile telephony.

18.     IPCom is the owner of all right, title, and interest in and to the '216, '751 and '830 patents, including the right to pursue damages for past infringement.

**B.    Plaintiffs and Their Unlawful Activities**

19.     Plaintiffs offer for sale, sell, and/or import into the United States various mobile telephony devices, including, for example, the HTC Touch, HTC Shift, HTC S740, HTC S621, HTC P3470, T-Mobile Dash, and T-Mobile Wing (the "HTC Products").

20.     On information and belief, Plaintiffs have had notice of the '216, '751 and/or '830 patent since at least 2005.

21.     In April 2008, IPCom initiated proceedings in Germany against HTC Corporation for infringement of the European counterparts of the '216 patent and the '751 patent. Additionally, Defendant initiated proceedings against certain wireless service providers for using HTC phones in violation of the European counterparts of the '216, '751 and '830 patents.

22.     In July 2008, IPCom discussed licensing the '216, '751 and '830 patents with Plaintiffs. IPCom specifically provided Plaintiffs with information demonstrating Plaintiffs' infringement. Plaintiffs refused to address, or pay any compensation for their, ongoing

4

infringement.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 5,390,216

23. IPCom realleges and incorporates herein by reference all the allegations stated in the foregoing paragraphs of this Answer and Counterclaim.

24. Each of the Plaintiffs has infringed and continues to infringe the '216 patent by making, using, selling, offering for sale within the United States or importing into the United States devices that embody one or more of the claims of the '216 patent, or by contributing to infringement, inducing others to infringe the '216 patent, or carrying out acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, selling, offering for sale, importing, and/or inducing others to use one or more of the HTC Products.

25. On information and belief, each of the Plaintiffs has received notice of the '216 patent. Each of the Plaintiffs' infringement of the '216 patent is, has been, and continues to be willful and deliberate.

26. As a direct and proximate result of Plaintiffs' infringement of the '216 patent, IPCom has been and continues to be damaged in an amount yet to be determined.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,043,751

27. IPCom realleges and incorporates herein by reference all the allegations stated in the foregoing paragraphs of this Answer and Counterclaims.

28. Each of the Plaintiffs has infringed and continues to infringe the '751 patent by making, using, selling, offering for sale within the United States or importing into the United States systems and/or methods that embody one or more of the claims of the '751 patent, or by contributing to infringement, inducing others to infringe the '751 patent, or

carrying out acts constituting infringement under 35 U.S.C. § 271(f).  Such infringing conduct includes, but is not limited to, selling, offering for sale, importing, and/or inducing others to use one or more of the HTC Products.

29. On information and belief, each of the Plaintiffs has received notice of the '751 patent.  Each of the Plaintiffs' infringement of the '751 patent is, has been, and continues to be willful and deliberate.

30. As a direct and proximate result of Plaintiffs' infringement of the '751 patent, IPCom has been and continues to be damaged in an amount yet to be determined.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,879,830

31. IPCom realleges and incorporates herein by reference all the allegations stated in the foregoing paragraphs of this Answer and Counterclaim.

32. Each of the Plaintiffs has infringed and continues to infringe the '830 patent by making, using, selling, offering for sale within the United States or importing into the United States systems and/or methods that embody one or more of the claims of the '830 patent, or by contributing to infringement, inducing others to infringe the '830 patent, or carrying out acts constituting infringement under 35 U.S.C. § 271(f).  Such infringing conduct includes, but is not limited to, selling, offering for sale, importing, and/or inducing others to use one or more of the HTC Products.

33. On information and belief, each of the Plaintiffs has received notice of the '830 patent.  Each of the Plaintiffs' infringement of the '830 patent is, has been, and continues to be willful and deliberate.

34. As a direct and proximate result of Plaintiffs' infringement of the '830 patent, IPCom has been and continues to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

Wherefore, IPCom respectfully requests that the Court:

A. render judgment finding that each Plaintiff has infringed and is infringing the '216 patent, '751 patent and '830 patent;

B. find that Plaintiffs' infringement of the '216 patent, '751 patent and '830 patent is willful;

C. issue appropriate injunctive relief preventing each Plaintiff and those in active concert or participation with such Plaintiff from further infringement, inducement of infringement, or contributory infringement of the '216 patent, '751 patent and '830 patent without authority from, or compensation to, IPCom;

D. award compensatory damages in an amount to be determined at trial;

E. award enhanced damages pursuant to 35 U.S.C. § 284;

F. award interest as allowed by law;

G. declare that this case is exceptional pursuant to 35 U.S.C. § 285 and award the costs and reasonable attorney fees incurred in connection with this action; and

H. grant such other and further relief as the Court and the jury deem just and proper.

## DEMAND FOR JURY TRIAL

IPCom, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Respectfully submitted this 27th day of February 2009.

|  |  |
|---|---|
| OF COUNSEL | /s/ Stephen E. Baskin |
|  | Stephen E. Baskin |
| Mitchell G. Stockwell | DC Bar Number 456015 |
| James L. Ewing, IV | KILPATRICK STOCKTON LLP |
| Geoffrey K. Gavin | Suite 900 |
| Catherine E. Hart | 607 14th Street, NW |
| Leroy M. Toliver | Washington, DC 20005-2018 |
| KILPATRICK STOCKTON LLP | Telephone: 202.508.5800 |
| 1100 Peachtree Street, NE, Suite 2800 | Facsimile: 202.508.5858 |
| Atlanta, GA 30309-4530 |  |
| Telephone: 404.815.6500 |  |
| Facsimile: 404.815.6555 |  |

*Attorneys for Defendant-Counterclaim Plaintiff
IPCom GmbH & Co.,KG*