UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HTC CORPORATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-1897 (RMC) |
| IPCOM GMBH & CO., KG, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION ON MOTIONS FOR RECONSIDERATION
OF CLAIMS CONSTRUCTION**

HTC Corporation and HTC America, Inc. (collectively "HTC") and IPCom GmbH & Co., KG ("IPCom") have filed motions for reconsideration of aspects of this Court's construction of U.S. Patent Nos. 5,390,216 ('216 Patent) and 7,043,751 ('751 Patent). As explained below, IPCom's motion will be granted and HTC's motion will be denied. The Court assumes familiarity with its Memorandum Opinion on Claim Construction and Order at Docket ## 187 & 188.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Revision may be permitted when "justice requires," including

when a court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In patent cases, district courts may engage in "rolling claim construction," whereby the court "revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010).

## II. ANALYSIS

### A. IPCom's Motion for Reconsideration

IPCom suggests that the claim construction of the "ascertaining . . ." term of claim 13 of the '751 Patent was wrong. The Court held:

> The phrase "ascertaining as a function of an outcome of a comparison whether an access of the at least one subscriber station (5, 10, 15, 20) to the at least one telecommunication channel is enabled" is construed to mean "comparing an access threshold value to a random or pseudo-random number to determine whether access to the common telecommunications channel is allowed or whether the subscriber station (cell phone) must wait for and check the next transmission.

Mem. Op. [Dkt. # 187] at 33.

The '751 Patent is titled, "Method of Allocating Access Rights to a Telecommunications Channel to Subscriber Stations of a Telecommunications Network and Subscriber Station." "The invention is based on a method of controlling or administering access to a telecommunications channel for a subscriber station." '751 Patent at 1:9-11. IPCom contends that Claim 13 addresses ascertaining whether access is allowed or not allowed, but that Claim 13 does

not speak to what the evaluation unit does next, if it determines that access is not allowed.  IPCom asks the Court to delete the second portion of the construction, *i.e.*, "or whether the subscriber station (cell phone) must wait for and check the next transmission."

HTC strongly disagrees and argues that the "invention requires that the phone must wait until the next transmission [of access authorization data] if access has been barred."  HTC Opp'n [Dkt. # 212] at 1 (quotation marks omitted).  HTC explains, "If the claim were construed so broadly that . . . [it] allowed the phone to perform an infinite number of comparisons against the same transmitted access threshold value, then the network would be incapable of ever blocking access at all, vitiating the very purpose of the invention."  *Id.*

Citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005), IPCom notes that "'case law requires a textual 'hook' in the claim language for a limitation of this nature to be imposed.'"  *Id.* at 1310.  "The claims, not specification embodiments, define the scope of patent protection.  The patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims."  *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009).  The Federal Circuit has recognized a fine line between reading a claim *in light of* the specification and reading *a limitation into a claim from* the specification.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005). The former is appropriate and necessary; the latter constitutes error.  *Id.*  In other words, limitations may not be read into a claim from a preferred embodiment when the language of the claim is broader than the embodiment.  *Resonate Inc. v. Alteon Websystems, Inc.*, 338 F.3d 1360, 1367 (Fed. Cir. 2003) (citation omitted); *see also Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003) ("[I]nterpreting what is meant by a word in a claim is not to be confused with adding an

extraneous limitation, which is improper.") (citations and internal quotation marks omitted). IPCom argues that the construction adopted by the Court violates these principles because there is no text in Claim 13 for the latter portion of the Court's construction.

The Court agrees with IPCom that the limitation in the second portion of its construction of Claim 13 does not find support in that Claim. While the limitation may be implicit in the overall purpose of the invention, "[i]t is well settled that there is no legally recognizable or protected essential element, gist or heart of the invention in a combination patent. Rather, the invention is defined by the claims." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002) (internal citations and quotation marks omitted). "When the claim addresses only some of the features disclosed in the specification, it is improper to limit the claim to other, unclaimed features." *Ventana Med. Sys., Inc. v. BioGenex Labs., Inc.*, 473 F.3d 1173, 1181 (Fed. Cir. 2006).

IPCom's motion for reconsideration will be granted, and the Court will substitute the following construction for the disputed term in Claim 13 of the '731 Patent:

> The phrase "ascertaining as a function of an outcome of a comparison whether an access of the at least one subscriber station (5, 10, 15, 20) to the at least one telecommunication channel is enabled" is construed to mean "comparing an access threshold value to a random or pseudo-random number to determine whether access to the common telecommunications channel is allowed."

### B.  HTC's Motion for Reconsideration

HTC asks the Court to reconsider its construction of two claim terms:  (1) "(1.1) conducting a coarse frequency synchronization" from Claim 1 of the '216 Patent; and (2) "asking when information signals with access authorization data means (65) as authorization data (45, 50,

55) are received" from Claim 13 of the '751 Patent. The Court declines to reconsider these points.

HTC does not so much point out legal errors in the Court's construction but argues only that other constructions should be adopted. For the reasons stated by IPCom in its opposition to HTC's motion, the Court disagrees. *See* Opp'n [Dkt. # 211]. Accordingly, HTC's request for reconsideration will be denied.

### III.  CONCLUSION

For the reasons set forth above, IPCom's Motion for Reconsideration [Dkt. # 203] will be granted. Accordingly, the Court will substitute the following construction for the disputed term in Claim 13 of the '751 Patent in the Memorandum Opinion [Dkt. # 187] and Order [Dkt. # 188]:

> The phrase "ascertaining as a function of an outcome of a comparison whether an access of the at least one subscriber station (5, 10, 15, 20) to the at least one telecommunication channel is enabled" is construed to mean "comparing an access threshold value to a random or pseudo-random number to determine whether access to the common telecommunications channel is allowed."

Further, HTC's Motion for Reconsideration [Dkt. # 210] will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date:  November 23, 2010                             /s/
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge