# EXHIBIT A PART 1

# UNITED STATES COURT OF APPEALS

## for the

## FEDERAL CIRCUIT

---

*In re IPCOM GMBH & CO., KG*

Petitioner

---

On Petition for a Writ of Mandamus to the
United States District Court of the District of Columbia
(Hon. Rosemary M. Collyer)

---

## PETITION FOR WRIT OF MANDAMUS

## NONCONFIDENTIAL

---

Mitchell G. Stockwell
Geoffrey K. Gavin
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309-4530
Telephone: 404.815.6500
Facsimile: 404.815.6555

*Counsel for the Petitioner
IPCom GmbH & Co., KG*

## CERTIFICATE OF INTEREST

Pursuant to Circuit Rules 21(a)(2) and 47.4(a)(1), counsel for the petitioners certifies the following:

1.     The full name of every party represented by me is:

   IPCom GmbH & Co., KG

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   None

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

   None

4.     The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in the court are:

   James L. Ewing, Mitchell Gaines Stockwell, Stephen Eric Baskin, Geoffrey K. Gavin, Catherine E. Hart, Leroy M. Toliver, Kevin James Sangston, KILPATRICK STOCKTON LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309.

   Paul S. Metsch, SOLOMON WARD SEIDENWURM & SMITH, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

US2008 1692937.1

Respectfully submitted:

Mitchell G. Stockwell
Geoffrey K. Gavin
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309-4530
Telephone:  404.815.6500
Facsimile:  404.815.6555

*Counsel for the Petitioner IPCom GmbH &
Co., KG*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

1.    Relief Requested ............................................................................ 1

2.    Issues Presented ............................................................................ 1

3.    Facts Necessary to Understand the Issues Presented ....................... 2

      A.    IPCom's Acquisition of the Bosch Patents and Privileged
            Materials ........................................................................... 2

      B.    The U.S. Litigation and HTC's Discovery Requests. ........... 6

      C.    The District Court's Disclosure Order. .............................. 7

4.    Reasons Why the Writ Should Issue .............................................. 10

      A.    The Bosch Invention Disclosure Statements Did Not
            "Touch Base" with the U.S., and the District Court Thus
            Clearly Erred in Applying U.S. Privilege Law. ................. 12

            1.    The D.C. Court's "Touch Base" Doctrine Was
                  Incorrectly Applied Here. ....................................... 12

            2.    The Lower Court's Decision Threatens to
                  Undermine Long-Established Rules of Comity,
                  Particularly With Respect to Foreign Patent
                  Prosecution Activities for Which Related U.S.
                  Applications are Also Filed. ................................... 16

            3.    Because the Trial Court Confirmed the Materials
                  Remained Privileged Under German Law, the
                  Court Should Reverse or, at Minimum, Vacate and
                  Remand with Instructions to Apply the Correct
                  Law ..................................................................... 20

      B.    Correspondence Among German and Japanese Patent
            Counsel that Was Never Shared with U.S. Counsel Does
            Not "Touch Base" with the U.S., and the District Court
            Clearly Erred in Applying U.S. Privilege Law. ................. 21

## TABLE OF CONTENTS
### (Continued)

C.      Even Applying U.S. Privilege Law, the Common Interest
        Doctrine Applies and Demonstrates the Finding of
        Waiver to be Clear Error. ....................................................................22

        1.      *Regents* Compels a Finding of a Common Interest
                Privilege in this Case. .............................................................23

        2.      The District Court's Decision to "Narrowly" Read
                the Common Interest Doctrine is Plain Error Under
                the Circumstances of this Case. ..............................................27

## DESCRIPTION OF CONFIDENTIAL MATERIAL DELETED

The material omitted on page 3 describes information regarding licenses entered into by Robert Bosch GmbH ("Bosch") and a patent purchase agreement between Bosch and IPCom (the "PPA"); the material omitted on page 6 describes a provision of the PPA and licensing negotiations; the material omitted on page 20 describes disposition of documents pursuant to the PPA; the material omitted on page 25 describes Bosch licenses and disposition of documents pursuant to the PPA; the material omitted on page 28 describes specific provisions of the PPA; the material omitted on page 29 describes specific provisions of the PPA; and the material omitted on page 30 describes specific provisions of the PPA.

US2008 1692937.1

# TABLE OF AUTHORITIES

## Cases

*2M Asset Mgmt., LLC v. Netmass, Inc.*, No. 2:06-cv-215, 2007 WL 666987 (E.D. Tex. Feb. 28, 2007)......................................................13, 14, 15, 17

*Astra Aktiebolag v. Andrez Pharms., Inc.*, 208 F.R.D. 92 (S.D.N.Y. 2002)....................................................................................................................13

*Chubb Integrated Sys., Ltd. v. Nat'l Bank*, 103 F.R.D. 52 (D.D.C. 1984)..............................................................................................................14, 15

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).........................................12

*Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146 (D.S.C. 1975)..............................................................................................................14, 24

*Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-cv-0889, 2007 WL 895059 (S.D. Ohio Mar. 21, 2007)................................26, 29

*Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514 (S.D.N.Y. 1992)..............................................................................................13, 14, 15

*In re Ampicillin Antitrust Litig.*, 81 F.R.D. 377 (D.D.C. 1978) ........................14, 15

*In re Cheney*, 334 F.3d 1096 (D.C. Cir. 2003) ........................................................10

*In re Regents of the Univ. of Cal.*, 101 F.3d 1386 (Fed. Cir. 1996) ................ passim

*In re Rivastigmine Patent Litig.*, 237 F.R.D. 69 (S.D.N.Y. 2006) ..........................14

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007).....................................11

*In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000) ..................10

*In re United States*, 590 F.3d 1305 (Fed. Cir. 2009) ...............................................11

*In re United States*, 872 F.2d 472 (D.C. Cir. 1989)..................................................10

*Koon v. United States*, 518 U.S. 81 (1996)...............................................................12

*McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242 (N.D. Ill. 2000)...................14

## TABLE OF AUTHORITIES
### (Continued)

*Mohawk Indus., Inc. v. Carpenter*, --- U.S. ----, 130 S.Ct. 599, --- L.Ed.2d ---- (2009) .................................................................................10

*MPT, Inc. v. Marathon Labels, Inc.*, No. 1:04 CV 2357, 2006 WL 314435 (N.D. Ohio Feb. 9, 2006) .........................................................26

*Odone v. Croda Int'l PLC*, 950 F. Supp. 10 (D.D.C. 1997).......................16, 17, 18

*Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed. Cir. 2003).................................................................................................12

*Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539 (E.D.N.C. 1993).........................14

*SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310668 (N.D. Ill. Sept. 13, 2000).......................................................17

*Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 KMWHBP, 2000 WL 351411 (S.D.N.Y. Mar. 31, 2000) ....................14

*VLT Corp. v. Unitrode Corp.*, 194 F.R.D. 8 (D. Mass. 2000).........................15, 17

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989) ..............................................................14, 15

**Statutes**

35 U.S.C. § 119.................................................................................................18

**Other Authorities**

Paris Convention, T.I.A.S. No. 6923, 21 U.S.T. 1583, 1970 WL 104436 (U.S. Treaty)..........................................................................19

Paris Convention, T.I.A.S. No. 7727, 24 U.S.T. 2140, 1973 WL 151907 (U.S. Treaty)..........................................................................19

iv

1.      **Relief Requested**

IPCom requests that this Court issue a writ of mandamus that either reverses or vacates the lower court's order compelling IPCom to produce privileged materials. A writ is appropriate for two reasons: First, the lower court failed to apply German privilege law in assessing privilege and the extent of any alleged waiver of privilege. Second, even assuming U.S. privilege law applies, the district court erred in failing to apply the common interest doctrine, as articulated by this Court, to the privileged materials.

2.      **Issues Presented**

A.      Where U.S. counsel never received an invention disclosure statement prepared by German citizens for use by German counsel in preparing a German application to which U.S. patents claim priority, does the invention disclosure statement "touch base" with the U.S. such that U.S. law governs the privileged status of the invention disclosure statement?

B.      Where German counsel corresponded with Japanese counsel concerning prosecution of a Japanese patent application claiming priority to a German application to which a U.S. patent also claims priority, does the correspondence "touch base" with the U.S. such that U.S. law governs the privileged status of the correspondence?

1

C.    Even assuming U.S. privilege law applies, where a patentee/licensor transfers to a third party patents and related privileged materials, does the common interest doctrine apply to privileged materials where the third party continues ongoing prosecution of European patent applications to which the privileged materials relate, the patentee retains existing licenses, and the third party intervenes in existing litigation between the patentee/licensor and one of the licensees?

**3.    Facts Necessary to Understand the Issues Presented**

   **A.    IPCom's Acquisition of the Bosch Patents and Privileged Materials.**

Robert Bosch GmbH ("Bosch") is a German company with its headquarters and major operations located in Germany.  In the 1990s, Bosch made and sold mobile phones and was involved in early efforts by the European Telecommunication Standards Institute (ETSI) to develop GSM and UMTS wireless technologies.  Around 2000, Bosch disposed of its telecommunications business and sold its operating assets to another company.  However, Bosch retained its extensive patent portfolio in the area of telecommunications.  Bosch embarked on a program to license manufacturers of GSM mobile phones and other equipment.  (*See* Ex. 6 (IPCom's Statement of the Case (Dkt. No. 25)) at 3.)

As part of its licensing program, Bosch contacted HTC in 2005, explained that it believed that a number of HTC's handsets utilized Bosch patent rights and that, as a result, HTC needed to obtain a license, as had other handset

2

manufacturers.  Bosch and HTC did not reach a license agreement, and Bosch subsequently sold its patent portfolio to IPCom in April 2007 pursuant to a Patent Purchase Agreement ("PPA").  (*See generally* Ex. 8 (Excerpts of Patent Purchase Agreement).)

When Bosch sold the portfolio to IPCom,  (Ex. 17 (Excerpts of IPCom 30(b)(6)/Frohwitter Deposition Testimony) at 49:25-51:10; 162:6-14.)  One of those licensees was Nokia Corporation.  At the time IPCom acquired the Bosch portfolio, Bosch was in pending litigation with Nokia in Germany concerning [1] Subsequent to the acquisition, IPCom intervened in that lawsuit, and it remains pending today.

IPCom assumed ownership of the patent files related to the acquired portfolio.  Three of the patents so acquired are at issue in the proceedings before the lower court.  Those patents are: U.S. Patent Nos. 7,043,751 (the "'751 patent"),

---

[1] The district court previously considered the specifics of this section in granting IPCom's motion for protective order to withhold the specific provisions of that section from production to HTC.  (*See* Ex. 3 (Case Docket from PACER), Dkt. No. 170 granting IPCom's motion (Dkt. No. 47).)

3

US2008 1692937 1

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

6,879,830 (the "'830 patent"),[2] and U.S. Patent No. 5,390,216 (the "'216 patent"). All three patents claim priority to German applications originally filed by Bosch in Germany. (*See* Ex. 5 (IPCom Answer and Counterclaims), cover pages of each patent.)

The privileged materials that were the subject of the district court's disclosure order consisted of the following three categories of materials (hereafter, the "Privileged Materials"):

1.    Invention Disclosure Statements: Bosch utilized invention disclosure forms by which its employees reported inventions to the in-house patent department. (Ex. 11 (Excerpts of Deposition Testimony of Markus Radimirsch) at 15:5-12, 19:20-20:24; Ex. 12 (Excerpts of Deposition Testimony of Martin Hans) at 45:11-46:3, 132:2-21.) Lawyers in the Bosch patent department reviewed the invention disclosure forms. (*Id.*) Two such forms were received that are relevant here. The first form is a January 27, 1999 invention disclosure statement prepared by Mr. Martin Hans, a Bosch employee, and forwarded to the Bosch patent department. (Ex. 9 (Excerpts of IPCom's Privilege Log) at 1.) The statement related to an invention that would later become the subject of a German priority

_____

[2] Around the time of the lower court's disclosure order, the lower court also issued a claim construction that found certain terms in the asserted claims of the '830 patent invalid as indefinite. The parties accordingly entered an appropriate stipulation concerning relevant claims and counterclaims and IPCom appealed that finding of invalidity. (*See* Ex. 3 at Dkt. Nos. 206, 207.)

US2008 1692937 1

patent application to which the '751 patent claims priority. Mr. Hans is the first named inventor on the '751 patent. The second form is a December 16, 1998 invention disclosure statement prepared by Mr. Markus Radimirsch, another Bosch employee, and forwarded to the Bosch patent department. (*Id.*) The statement related to an invention that would later become the subject of a German priority patent application to which the '830 patent claims priority. Mr. Radimirsch is a named co-inventor on the '830 patent.

Bosch's U.S. prosecution counsel never received any of the invention disclosure statements. (Ex. 15 (Declaration of Michael Striker); Ex. 16 (Declaration of Robert Ferber).)

    2.   <u>Japanese Prosecution Materials</u>: These materials constitute seventeen (17) pieces of correspondence between Bosch's in-house counsel in Germany and Bosch's outside Japanese patent prosecution counsel regarding Japanese patent application 292 372/92, which is a Japanese patent application that claims priority to a German application to which the '216 patent claimed priority.

Bosch's U.S. prosecution counsel never received any of the correspondence between Bosch and Japanese prosecution counsel. (Ex. 9 at 1-3.)

    3.   <u>U.S. Prosecution Correspondence</u>: These documents constitute three (3) pieces of correspondence between the Bosch in-house patent department and

5

U.S. patent prosecution counsel regarding the U.S. prosecution of U.S. Serial No. 09/914,967, which issued as the '751 patent.

The patent files containing the above categories of Privileged Materials, ██████████████████ of the Frohwitter law firm in Germany, which had represented Bosch and was engaged to represent IPCom.  (Ex. 8 at ████ (IPCom0031137-38); Ex. 17 at 49:25-51:10.)   At the time of the transaction, prosecution of European applications in the same families as the '751 and '830 patents was ongoing.  (Ex. 13 (Declaration of David Molnia), ¶5.)  European prosecution of multiple divisional applications in the same families as the '751 and '830 patents continues to the present.  (*Id.*, ¶6.)

## B.   The U.S. Litigation and HTC's Discovery Requests.

After acquiring the portfolio in April 2007, IPCom engaged the Frohwitter law firm, which Bosch had used in its licensing discussions with HTC, ████ ████████████████████████████████████████████████ HTC and IPCom began litigating disputes over the portfolio, including litigation concerning European patents corresponding to the '751, '216, and '830 patents.

In November 2008, HTC filed a declaratory judgment action against IPCom in the lower court.  (*See generally* Ex. 4 (HTC's Complaint).)   HTC sought a declaration that it did not infringe any valid, enforceable claim in the '216 patent. (*Id.*)  IPCom counterclaimed for infringement of the '216 patent, as well as for

6

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

infringement of the '751 and '830 patents.   (*See generally* Ex. 5.)   During discovery, HTC sought materials relating to the preparation of the patents in suit, as well as all counterparts thereto.   IPCom objected and logged the Privileged Materials. (*See* Ex. 9.)

### C.   The District Court's Disclosure Order.

HTC moved to compel, requesting production of the three categories of Privileged Materials identified on IPCom's privilege log.   (*See* Ex. 1 (District Court's Memorandum Opinion (Dkt. No. 215)) at 10.)   HTC additionally sought to compel other materials that are not at issue here, but which are discussed in the trial court's disclosure order.

In considering the privilege issues, the district court considered two declarations of German attorneys submitted by IPCom.   (*Id.* at 10-13.)   One of the declarations was made by David Molnia.   Mr. Molnia explained that prosecution of divisional applications in the same families as the '751 and '830 patents continued in Europe.   (Ex. 13, ¶¶3-6.)   He further explained that German patent attorneys enjoyed various privileges relating to their work.   (*Id.*, ¶¶10-13.)   Dr. Michael Kleine-Cosack, a German law expert, likewise testified by declaration concerning the applicable German privileges.   (*See* Ex. 14 (Declaration of Michael Kleine-Cosack).)   After considering these materials, the district court acknowledged that

US2008 1692937 1

the Privileged Materials were "clearly privileged when owned by Bosch." (Ex. 1 at 15.)

The district court then turned to resolving HTC's sole argument that IPCom's purchase of the patent portfolio demonstrated a waiver of privilege. (Ex. 7 (Excerpts of HTC's Motion to Compel) at 10.) A threshold issue was whether to apply U.S. or German privilege law. IPCom contended that German privilege law applied to the first two categories of Privileged Materials, but conceded that U.S. privilege law applied to the third category of privileged correspondence between Bosch and U.S. prosecution counsel under the applicable "touch base" doctrine. HTC contended that because the U.S. patents in suit claimed priority to the German applications, all of the Privileged Materials "touched base" with the U.S. and, thus, U.S. law applied. The district court agreed with HTC, holding that the documents in the first two categories of Privileged Materials "'touch base' with the U.S. because they are related to the patent prosecution here" and "[t]hus, U.S. privilege law applies and under such U.S. law the privilege can be waived." (Ex. 1 at 14.)

The district court did not provide any further reasoning or analysis as to why the category 1 and category 2 Privileged Materials "related to the patent prosecution" in the U.S. Having resolved the choice of law issue, the district court decided that under U.S. law, the privilege in all three categories of documents was

8

waived.  The district court held that "IPCom did not succeed to the attorney-client privilege held by Bosch" because IPCom bought patents, and not a business, from Bosch and that Bosch waived the privilege when it sold and exposed the documents to IPCom.  (Ex. 1 at 16.)

IPCom had, additionally, argued that even under U.S. privilege law, all three categories of Privileged Materials remained privileged and immune from discovery under the common interest doctrine.  In a footnote, the district court rejected IPCom's arguments that there was no waiver because the common interest privilege applied to documents shared between Bosch and IPCom.  (*Id.* at 17 n. 12.)  The district court applied an admittedly narrow interpretation of the common interest doctrine and held that Bosch and IPCom did not share these documents as part of a joint legal claim or defense and thus the common interest doctrine did not apply.  (*Id.*)

In addition to ordering IPCom to produce the three categories of documents, the Court also ordered that IPCom "shall not assert the attorney-client privilege to prevent inventors or prosecution counsel from testifying regarding communications to or from Bosch relating to the prosecution of the Patents."  (*Id.* at 19.)  After receiving the disclosure order, IPCom orally moved the lower court to stay enforcement of its order pending disposition of this writ or IPCom's appeal concerning the '830 patent, as relevant.  The lower court granted a stay.

9

US2008 1692937 1

4.      **Reasons Why the Writ Should Issue**

Mandamus is limited to extraordinary situations involving a clear abuse of discretion or usurpation of judicial power. *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 804 (Fed. Cir. 2000); *see also In re Regents of the Univ. of Cal.,* 101 F.3d 1386, 1387 (Fed. Cir. 1996). The procedural aspects of granting mandamus are governed by the law of the D.C. Circuit, but the law of the Federal Circuit governs the privileged status of the Privileged Materials. *See id.* In determining whether mandamus is warranted, the D.C. Circuit considers "whether the party seeking the writ has any other adequate means, such as a direct appeal, to attain the desired relief," and "whether that party will be harmed in a way not correctable on appeal." *In re Cheney,* 334 F.3d 1096, 1102 (D.C. Cir. 2003).

The D.C. Circuit has acknowledged that use of mandamus is appropriate for review of discovery orders calling for the production of privileged documents. *See In re United States,* 872 F.2d 472, 482 (D.C. Cir. 1989). This Circuit has similarly explained that a writ will issue:

> in appropriate cases "to prevent the wrongful exposure of privileged communications." *Regents,* 101 F.3d at 1387; *see also Mohawk Indus., Inc. v. Carpenter,* --- U.S. ----, 130 S.Ct. 599, 601-02, ---L.Ed.2d ---- (2009) (noting that an appellate court may grant a writ of mandamus to correct a "particularly injurious or novel privilege ruling"). "Specifically, 'mandamus review may be granted of discovery orders that turn on claims of privilege when (1) there is raised an important issue of first impression, (2) the privilege would be lost if review were denied until final judgment, and (3) immediate resolution would avoid the development of doctrine that would

10

US2008 16929371

undermine the privilege.'" *In re Seagate Tech., LLC*, 497 F.3d 1360, 1367 (Fed. Cir. 2007) (en banc) (quoting *Regents*, 101 F.3d at 1388). Accordingly, mandamus may be appropriate to correct a lower court that ordered a party to produce documents in violation of the attorney-client privilege.

*In re United States*, 590 F.3d 1305, 1308-09 (Fed. Cir. 2009).

The required elements for a writ are satisfied here. First, an important issue of first impression exists. One such issue is the "touch base" doctrine, which this Court has not addressed and which no court has found is triggered solely where U.S. patents claim priority to foreign applications. Second, the privilege would be lost if review were denied until final judgment. IPCom has been ordered to produce to HTC privileged materials and, once these materials are produced, any privilege associated with them will be lost as to HTC. *In re Regents of Univ. of Cal.*, 101 F.3d at 1387 ("appeal after disclosure of the privileged communication is an inadequate remedy"). Third, this Court has recognized that preserving privilege up to its proper limits has "substantial importance to the administration of justice ... because an appeal after disclosure of the privileged communication is an inadequate remedy." *Id.* Accordingly, "[a] writ of mandamus may be sought to prevent the wrongful exposure of privileged communications." *Id.*

As demonstrated below, the district court in this instance made clear errors of law and, accordingly, this Court should grant a writ of mandamus reversing or vacating the order.

11

US2008 1692937 1

A. **The Bosch Invention Disclosure Statements Did Not "Touch Base" with the U.S., and the District Court Thus Clearly Erred in Applying U.S. Privilege Law.**

"A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *accord Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 n.3 (Fed. Cir. 2003). The legal error here was the district court's decision to apply U.S. privilege law. That decision was clearly erroneous because the first two categories of Privileged Materials did not "touch base" with the U.S. in a manner sufficient to invoke U.S. privilege law. Indeed, any other conclusion necessarily would result in applying U.S. law to the privileged status of *all* matter concerning *any* foreign application to which a U.S. patent claims priority. Such a result is entirely inconsistent with the long-standing authority and principles of comity that compel U.S. courts to respect the privileges afforded by foreign nations.

1. *The D.C. Court's "Touch Base" Doctrine Was Incorrectly Applied Here.*

The district court offered virtually no explanation for its overly rigid reading of the "touch base" doctrine. In essence, the district court's opinion suggests that if a litigant can show that a document has any arguable relation to some event that took place at some time in the U.S., then the document "touches base" with the U.S no matter how slight or remote the alleged connection. This, however, is not a fair

12

reading of the "touch base" concept and flies in the face of principles of comity

long recognized by U.S. courts.

As explained by another U.S. district court in a recent case:

> "[A]ny communications touching base with the United States will be
> governed by the federal discovery rules while any communications
> related to matters solely involving [a foreign country] will be
> governed by the applicable foreign statute." *Golden Trade, S.r.L. v.
> Lee Apparel Company,* 143 F.R.D. 514, 520 (S.D.N.Y. 1992). When
> communications took place in a foreign country or involved foreign
> attorneys, courts applying this approach defer "to the law of the
> country that has the 'predominant' or 'most direct and compelling
> interest' in whether those communications should remain confidential
> ...." *Astra Aktiebolag v. Andrez Pharmaceuticals, Inc.,* 208 F.R.D. 92,
> 98 (S.D.N.Y. 2002) *citing Golden Trade,* 142 F.R.D. at 522.   The
> jurisdiction with the "predominant interest" is either "the place where
> the allegedly privileged relationship was entered into or the place in
> which that relationship was centered at the time the communication
> was sent." *Id.* (citations and quotations omitted).

*2M Asset Mgmt., LLC v. Netmass, Inc.,* No. 2:06-cv-215, 2007 WL 666987, at *2-4

(E.D. Tex. Feb. 28, 2007).   The "touch base" doctrine considers principles of

comity and takes a functional approach, rather than merely seeking any possible

connection to the U.S. in order to apply U.S. privilege law.

Courts applying the doctrine thus presume that foreign law controls privilege

issues where the privileged relationship was initiated abroad.   Here, Germany was

the forum with the predominant interests, but this critical fact was never discussed

by the lower court.   Instead, the district court cited a Delaware district court

decision (Ex. 1 at 15) to explain its view of the "touch base" concept:

13

US2008 1692937 1

According to federal common law principles, which determine the availability of the attorney-client privilege in patent infringement actions, the applicability of the privilege to communications with foreign (non-attorney) patent agents hinges on the subject matter of those communications. *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1169 (D.S.C. 1975); *Chubb Integrated Systems, Ltd. v. National Bank*, 103 F.R.D. 52, 65 (D.D.C. 1984); *In re Ampicillin Antitrust Litigation*, 81 F.R.D. 377, 391 (D.D.C. 1978). If the communications relate to the prosecution of a patent in the agent's native country and would be privileged under the laws of that country, the attachment of the privilege depends on the laws of that country; in other words, federal courts will apply principals of comity. *Id.* However, if the communications "touch base" with the United States, U.S. privilege law applies. *Id.*

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1444-45 (D. Del. 1989).[3]

This authority also pointed toward Germany as the predominant forum whose privilege law applied. The evidence showed the invention disclosure statements were prepared by German citizens for German counsel to prepare, file, and, as needed, prosecute German patent applications. Each inventor of the '751 and '830 patents is a German citizen and resident. Each of Messrs. Hans and

---

[3] Ultimately, *Willemijn* held that German privilege law applied to communications with a German patent agent regarding matters outside the U.S. 707 F. Supp. at 1447-48. Additionally, numerous other district courts have specifically held German privilege law applies to communications like those at issue here. *See, e.g.*, *2M Asset Mgmt.*, 2007 WL 666987, at *2-3; *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 91 (S.D.N.Y. 2006); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 257 (N.D. Ill. 2000); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 KMWHBP, 2000 WL 351411, at *11 (S.D.N.Y. Mar. 31, 2000); *Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 547 (E.D.N.C. 1993); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 524 (S.D.N.Y. 1992).

US2008 1692937 1

Radismirch testified that the Invention Disclosures were prepared for counsel in Bosch's in-house patent department in Germany.  (Ex. 11 at 15:5-12, 19:20-20:24; Ex. 12 at 45:11-46:3, 132:2-21.)

Critically, the district court did not expressly cite any authority for determining whether a communication "touches base" with the United States.  The *Willemijn* court cited two D.C. cases that held comity requires that communications with attorneys in foreign countries concerning activities outside the U.S. should be governed by foreign privilege laws.  *See Ampicillin Antitrust Litig.*, 81 F.R.D. at 391 ("all communications relating to patent activities in the United States will be governed by the American rule.  However, the United States has no such strong interest for patent agent communications relating to patent activities in Great Britain, so that deference will be given to the British rule."); *accord Chubb*, 103 F.R.D. at 65-66.  Other courts applying the "touch base" doctrine have similarly held that communications originating abroad will be governed by U.S. privilege law only if they were directed at U.S. activities.  *See, e.g., Golden Trade*, 143 F.R.D. at 520; *2M Asset Mgmt.*, 2007 WL 666987 at *2-3; *VLT Corp. v. Unitrode Corp.*, 194 F.R.D. 8, 16 (D. Mass. 2000).

Such a rule is appropriate.  Comity demands respect for foreign sovereigns' laws in part because, where foreign entities routinely operate under those laws, they should be able to presume that their affairs will be governed by their home

15

countries' default legal rules and principles. Only in instances where there is a strong "signal" that foreign law may apply is it appropriate to consider disturbing such normative expectations.

Here, no such signal existed. There are no facts suggesting that the disclosure statements related to pending U.S. proceedings. Indeed, they could not have. The decision to file a U.S. patent application was not made until over a year after the statements were prepared. Moreover, Bosch's U.S. patent prosecution counsel for the '751 and '830 patents did not even receive the invention disclosures relating to those patents. (*See* Exs. 15, 16.) The record evidence thus confirms the invention disclosures *never* "touched base" with the U.S.

> 2.    *The Lower Court's Decision Threatens to Undermine Long-Established Rules of Comity, Particularly With Respect to Foreign Patent Prosecution Activities for Which Related U.S. Applications are Also Filed.*

The district court summarily found that the invention disclosures "touched base" with the U.S. because they are related to the patent prosecution here (in the U.S.), and therefore U.S. privilege law applies. (Ex. 1 at 15.) The district court reached this result not from a review of any evidence, but apparently by simply accepting HTC's argument that base touching occurs merely where an applicant files a U.S. application claiming priority to a foreign application.

To justify this result, HTC, and the district court, cited *Odone v. Croda Int'l PLC*, 950 F. Supp. 10 (D.D.C. 1997), in support of the summary determination that

16

US2008 1692937 1

the invention disclosures "touch base" with the U.S. (Ex. 1 at 15.) But that case is neither applicable nor, if understood as HTC advocated, good law.

The party asserting privilege in *Odone* provided no evidence that British law applied, and the magistrate judge also took the extraordinary step of refusing to extend comity to British law because he believed applying the British statute would contravene U.S. public policy. 950 F. Supp. at 13-14. There are no such findings by the lower court here. Additionally, *Odone* did not address documents such as the invention disclosures, but instead dealt with communications regarding whether a U.S. citizen (the plaintiff) should be a co-inventor on a British patent application. There is no U.S. citizen that is a co-inventor or the subject of the invention disclosures.

In fact, *Odone's* overly strained and rigid application of the "touch base" concept has been rejected by several district courts that have considered it. *See VLT Corp.*, 194 F.R.D. at 15 (rejecting Unitrode's argument for strict interpretation of "touching base" based on *Odone* as "too rigid"); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310668, at *3 (N.D. Ill. Sept. 13, 2000) (rejecting the rigid "touch base" approach as cited in *Odone* in favor a comity-functionalism approach); *see also 2M Asset Mgmt.*, 2007 WL 666987, at *3 ("The court does not agree with Defendants' argument that if one document touches the U.S., all documents are governed by U.S. law. The cases cited by Defendants

17

recognize the need to afford comity and deference to the laws of foreign countries, and they only sparingly applied U.S. law to documents created in a foreign country and privileged under that country's laws.").

The logic underlying the district court's decision, as well as any expansive reading of *Odone*, is the following: If a foreign entity generates privileged material in the course of preparing the foreign application, such material is plainly subject to foreign privilege law. But, once the foreign entity files a U.S. patent application and claims priority under 35 U.S.C. § 119, *all* work underlying the foreign application is deemed to "touch base" with the U.S. This is clearly erroneous.

Moreover, a claim of priority is not an action that causes the work underlying the preparation of the original foreign application to "touch base" with the U.S. A claim of priority under 35 U.S.C. § 119 is merely a mechanism by which the United States and other members of the Paris and Stockholm Conventions agreed would be available to avoid novelty-destroying acts by foreign inventors. No member of the convention contemplated that making a priority claim would automatically subject all of the privileged work underlying the original patent application to U.S. privilege law. Indeed, such an understanding could only chill citizens of convention members from taking advantage of the priority claiming mechanism. Moreover, the Convention declares that "Patents applied for in the various countries of the Union by nationals of countries of the

18

Union shall be independent of patents obtained for the same invention in other countries" and further declares "the foregoing provision is to be understood in an unrestricted sense."  Art. 4bis of Paris Convention, T.I.A.S. No. 6923, 21 U.S.T. 1583, 1970 WL 104436 (U.S. Treaty).[4]  The independence of each national patent, and application, establishes that a priority claim alone cannot cause work underlying a foreign application to be subject to U.S. privilege law.

Both the Convention and key principles of comity confirm that the district court committed legal error in applying U.S. privilege law to the invention disclosures.  Failure to correct that error will threaten the established privileges and practices of thousands of entities that routinely rely on advice of foreign counsel, without any inkling that filing a U.S. application claiming priority to their original national application puts those privileges at risk.  Such a result threatens to chill foreign nationals' ability to file U.S. applications and will certainly require every German or European patent attorney to understand the privilege law not only of the jurisdictions in which they are licensed to practice, but also U.S. privilege law. Forcing foreign counsel to consider the impact of U.S. privilege law in the course of advising their clients violates traditional principles of comity.  Yet, if the lower court's decision stands, the law in the U.S. will force exactly that result.

---

[4] Articles 1-12 were ratified in and entered into force in this country in 1973.  *See* Paris Convention, T.I.A.S. No. 7727, 24 U.S.T. 2140, 1973 WL 151907 (U.S. Treaty).

19

3.    *Because the Trial Court Confirmed the Materials Remained Privileged Under German Law, the Court Should Reverse or, at Minimum, Vacate and Remand with Instructions to Apply the Correct Law.*

The district court acknowledged that the invention disclosures were privileged under German law. (Ex. 1 at 11-13.)  The district court, however, also suggested in a footnote that privilege under German law may have been waived because "even under German law, Bosch's disclosure to IPCom released Bosch's lawyers from their duty of confidentiality." (Ex. 1 at 17 n. 11.)  But the issue of a possible waiver under German law was never raised by HTC or briefed by any of the parties below.  IPCom thus had no opportunity to address this aspect of the district court's ruling.  Moreover, there is no record support that any such waiver would exist under German law.  To the contrary, the facts showed that ████████

████████████████████████████████████████████████████████████

████████████████████████████ (Ex. 17 at 49:25-51:10;

162:6-14; Ex. 8 at ██████ (IPCom0031137-38).)  And, Bosch made clear that it viewed all privileges to have remained intact.  (*See* Ex. 18 (Declaration of Christoph Schoeller) at Ex. C (Letter from Andreas Kade at Bosch to Christoph Schoeller at IPCom).)

Because the trial court erroneously applied U.S. privilege law in determining the privileged status of the invention disclosures, this Court should reverse and remand with instructions to the trial court to apply German law.  If the trial court

20

US2008 1692937 1

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

wishes to take evidence on whether a waiver of the privilege occurred under German law, the trial court will be free to develop a record on that issue in determining whether any waiver exists under German law.[5]

> **B.    Correspondence Among German and Japanese Patent Counsel that Was Never Shared with U.S. Counsel Does Not "Touch Base" with the U.S., and the District Court Clearly Erred in Applying U.S. Privilege Law.**

The proper outcome of the "touch base" analysis for the second category of documents – the 17 documents reflecting communications between Bosch in-house counsel in Germany and Japanese patent prosecution counsel for Bosch – is the same as that for the invention disclosures.   The trial court clearly erred by improperly applying U.S privilege law to these documents.

These 17 communications concern prosecution of Japanese patent application 292 374/92, which is a Japanese application that is in the same family as the '216 patent.  The trial court's opinion provides no explanation for how these documents "touch base" with the U.S., other than that "they are related to prosecution here."  (Ex. 1 at 15.)  This simply cannot be correct because it would mean that every single attorney-client communication about any foreign patent application filed anywhere in the world would be governed by U.S. privilege law if

---

[5] IPCom offered to provide the Privileged Materials for the district court's *in camera* inspection, but the district court concluded it did not need to inspect the documents to rule.  IPCom believes inspection of the documents in categories 1 and 2 will confirm that no U.S. legal issues are implicated.

US2008 1692937 1

a U.S. application in the same application family as the foreign application was also filed.  The impact of the trial court's decision would be to apply U.S. privilege law in view of that one fact (the existence of a U.S. application in the family) regardless of whether a U.S. patentee, resident, citizen, inventor, or prosecution counsel or anyone else associated with or in this country ever laid eyes on the document or whether the subject matter of the document related in any way to activities in the U.S.  This abandons and, indeed, rejects all principles of comity applied by U.S. courts.

The trial court's determination that U.S. privilege law applies to communications between German in-house patent counsel and Japanese outside patent counsel about a Japanese patent application is legal error.  Mandamus is warranted to correct this error, and IPCom accordingly seeks reversal of the district court's decision.

### C.  Even Applying U.S. Privilege Law, the Common Interest Doctrine Applies and Demonstrates the Finding of Waiver to be Clear Error.

Even applying U.S. law, IPCom properly established that the common interest privilege applies under the circumstances here and that no waiver occurred.  As the district court acknowledged "all these documents were clearly privileged when owned by Bosch." (Ex. 1 at 15.)  However, the district court held that no common interest existed between Bosch and IPCom at the time IPCom acquired

22

the patents from Bosch and therefore disclosure of the documents from Bosch to IPCom constituted a waiver of the privilege. (*Id.* at 16-17.) The district court's overly narrow application of the common interest doctrine here is the same type of error as the overly narrow reading of the common interest doctrine that this Court corrected by issuing a writ of mandamus in *In re Regents of the University of California,* 101 F.3d 1386 (Fed. Cir. 1996). The district court plainly erred in finding that the common interest doctrine did not apply, and this Court should reverse the district court on this point.[6]

      *1.     Regents Compels a Finding of a Common Interest Privilege in this Case.*

In *Regents*, the district court had found privilege waived after declining to apply the common interest doctrine because a license between the University of California ("UC") and Lilly was nonexclusive. 101 F.3d at 1390. Genentech had asserted that the communications were not privileged because "Lilly was a third party despite its status as optionee/licensee." *Id.* at 1389. By contrast, UC asserted "that the Lilly attorneys represented both UC and Lilly in a shared effort to obtain these United States and foreign patent rights, and that the communications between UC and the Lilly attorneys were protected by the attorney-client privilege." *Id.*

---

[6] If the Court finds that German law applies with respect to the first two categories of documents, the Court still needs to address the district court's error in holding no common interest privilege under U.S. law applies to the third category of documents.

23

The district court ultimately agreed with Genentech and "held that 'the UC-Lilly relationship arising from the option agreement created no need for a common defense' because '[t]he entities were prosecuting patents, and at that point, apparently were bound only by the prospects of financial gain and heightened reputation.'" *Id.*

On petition for writ of mandamus, this Court reversed, reasoning that:

> the legal interest between Lilly and UC was substantially identical because of the potentially and ultimately exclusive nature of the Lilly-UC license agreement. Both parties had the same interest in obtaining strong and enforceable patents. The district court erred in concluding that Lilly and UC did not have an identical legal interest in the '877 patent and its foreign counterparts because "a patentee and a nonexclusive licensee do not share identical legal interests." Lilly was more than a non-exclusive licensee, and shared the interest that UC would obtain valid and enforceable patents. UC is a university seeking valid and enforceable patents to support royalty income. Lilly is an industrial enterprise seeking valid and enforceable patents to support commercial activity. Valid and enforceable patents on the UC inventions are in the interest of both parties. *See Duplan*, 397 F.Supp. at 1172 ("The fact that there may be an overlap of a commercial and a legal interest for a third party does not negate the effect of the legal interest in establishing a community of interest.")

*Id.* at 1390. Thus, in *Regents*, Lilly had an interest in obtaining valid, enforceable patents that protected its contemplated commercial activity while UC had a common interest in valid and enforceable interests as patent owner and licensor. Collectively, those interests supported application of the common interest privilege.

24

US2008 1692937 1

This case is on all fours with *Regents*.  Here, Bosch originally owned the patents and still-pending applications at the time it entered into the April 2007 PPA with IPCom.  And, further, ███████████████████████████ ████████████████████████████████████████ ██████████████████████████████  (Ex. 18, Ex. C; Ex. 17 at 162:4-14.)  Bosch had an interest in protecting the patents ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████

IPCom, as the acquirer of the patents and pending applications, likewise had an interest in successfully completing prosecution of the pending European original and divisional applications and obtaining valid and enforceable patent rights in Europe and elsewhere.  Such patents formed the basis of IPCom's continuation of the licensing program began by Bosch.  And, to ensure that both parties' interests were protected, the Privileged Materials were provided to the Frohwitter law firm, not to IPCom.  The documents at issue were not simply handed from Bosch to IPCom, but rather ████████████████████ ████████████████████████████████████████ ████████████ represented Bosch and represented IPCom after its acquisition of the portfolio.

25        MATERIAL SUBJECT TO PROTECTIVE
          ORDER DELETED

Even HTC acknowledged that courts have held that a common legal interest exists in ongoing patent prosecution activities.  (*See* Ex. 7 at 12-13.)  *See also MPT, Inc. v. Marathon Labels, Inc.*, No. 1:04 CV 2357, 2006 WL 314435, at *6-7 (N.D. Ohio Feb. 9, 2006) ("Numerous courts, including the Federal Circuit, have found that a patent purchaser and a licensee or inventor have a common interest in successfully prosecuting patent applications."); *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-cv-0889, 2007 WL 895059, at *3 (S.D. Ohio Mar. 21, 2007) *3 ("As the [Federal Circuit] recognized, the community of interest doctrine is not limited to litigation situations but may also apply 'in connection with patent rights.'").

The district court never addressed the ongoing prosecution of related European applications, but simply swept the argument aside by choosing to apply a "narrow" view of the common interest doctrine.  (*See* Ex. 1 at 16-17.)  But modern patent prosecution typically involves an inventor employed by an organization, which retains counsel to receive confidential information from the inventor, who later assigns his rights to the organization once a patent application has been authorized or filed.   The "narrow" reading of the common interest doctrine adopted by the district court would sweep away the protection numerous courts have afforded such communications.

26

2.   The District Court's Decision to "Narrowly" Read the Common Interest Doctrine is Plain Error Under the Circumstances of this Case.

The district court's footnote 12 noted cases construing the common interest doctrine varied in how broadly or narrowly the doctrine was viewed.  One factor the district court noted was that sharing common counsel typically resulted in application of the common interest privilege.  (*See* Ex. 1 at 17 n. 12 ("Cases that construe the doctrine narrowly have held that 'the privilege only applies where the same attorney represents each of the clients.'" (citation omitted).)  That factor was present here, but was either overlooked or simply not discussed by the lower court.

Instead, the lower court reasoned that a broad interpretation was inappropriate because "Bosch sold the Patents and all documents relating to the Patents to IPCom; Bosch did not share this information as part of a joint legal claim or defense.  Instead, Bosch shared the information necessary for the sale of patent rights to IPCom – information that is critical to IPCom's ability to enforce the Patents and to HTC's challenge to the validity of the Patents." (*Id.*)

The problem with this reasoning is that there was undisputed evidence showing that, in fact, information was passed to the Frohwitter firm as part of common legal interests between Bosch and IPCom.  This evidence included:

Bosch/Nokia Litigation: The Bosch-Nokia litigation commenced before IPCom's April 2007 acquisition of the portfolio, and continues today, IPCom

27

having intervened in that litigation. ███████████████████

███████████████████████████████████ Bosch and

IPCom plainly share a common legal interest in the Nokia litigation, ████████

█████████████████████████

      The district court never addressed these facts, except to summarily say

"Bosch sold the Patents and all documents relating to the Patents to IPCom; Bosch

did not share this information as part of a joint legal claim or defense." (Ex. 1 at

17 n. 12.)  However, in the very next sentence, the district court acknowledges that

the privileged documents are "information that is critical to IPCom's ability to

enforce the Patents and to HTC's challenge to the validity of the patents." (*Id.*)

Indeed, the validity and enforceability of the European patents in the same families

of the patents-in-suit are at issue in the European litigation, and, by the district

court's own reasoning, Bosch and IPCom would each view the Privileged

Materials as information critical to maintaining valid patents. *See Regents*, 101

F.3d at 1389 ("The protection of communications among clients and attorneys

'allied in a common legal cause' has long been recognized.") (citation omitted).

This common interest is even stronger in the circumstances here ████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████

MATERIAL SUBJECT TO
PROTECTIVE ORDER DELETED

The PPA Provisions: IPCom and Bosch also have a common interest in defending HTC's claim in this case that the '751 patent is unenforceable because of inequitable conduct committed by Bosch personnel. HTC premised its motion to compel on arguing that it needed the Privileged Materials in conjunction with this very defense. (Ex. 7 at 9.)

Bosch and IPCom clearly had a common interest in defending the enforceability of the '751 patent in this lawsuit. *See Fresenius*, 2007 WL 895059, at *4 (even though transfer did not involve any still pending patent applications, the transferor and transferee of patent rights shared a common legal interest in defending antitrust claim that depended in part on whether the transferred patents were valid and enforceable). Because, as the district court acknowledged elsewhere in its opinion, ███████████████████████████ (*see* Ex. 1 at 6-8), Bosch had an interest in ensuring the continued validity and enforceability of the patents that formed the basis for the consideration Bosch provided to support those licenses.

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

MATERIAL SUBJECT TO
PROTECTIVE ORDER DELETED

US2008 1692937 1



30          MATERIAL SUBJECT TO
PROTECTIVE ORDER DELETED

## **CONCLUSION**

For the foregoing reasons, the Court should grant IPCom's petition for writ of mandamus.

Dated: November 30, 2010      Respectfully submitted:

Mitchell G. Stockwell
Geoffrey K. Gavin
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309-4530
Telephone: 404.815.6500
Facsimile: 404.815.6555

*Counsel for the Petitioner IPCom GmbH & Co., KG*

**EXHIBITS**

## EXHIBITS TABLE OF CONTENTS

Exhibit 1        Dkt. No. 215 – Memorandum Opinion dated October 26, 2010

Exhibit 2        Dkt. No. 216 – Order dated October 26, 2010

Exhibit 3        Case Docket from PACER for HTC v. IPCom Case No. 1:08 cv-01897-RMC in the U.S. District Court for the District of Columbia

Exhibit 4        Dkt. No. 1 – HTC Complaint for Declaratory Judgment

Exhibit 5        Dkt. No. 14 – IPCom's Answer and Counterclaims

Exhibit 6        Dkt. No. 25 – IPCom's Statement of the Case and Statutory Basis

Exhibit 7        Dkt. No. 194 – Excerpts of HTC's Motion to Compel Documents and Information from IPCom dated September 3, 2010

Exhibit 8        Excerpts of Patent Purchase Agreement (Ex. C to HTC's Motion to Compel, Dkt. No. 194)

Exhibit 9        IPCom's Privilege Log (Ex. P to HTC's Motion to Compel, Dkt. No. 194)

Exhibit 10       Dkt. No. 199 – Excerpts of Brief in Response to HTC's Motion to Compel Documents and Information from IPCom dated September 14, 2010

Exhibit 11       Excerpts from Deposition of Markus Radimirsch taken October 15, 2009 (Ex. N to IPCom's Response, Dkt. No. 199)

Exhibit 12       Excerpts from the Deposition of Martin Hans taken October 17, 2009 (Ex. M to IPCom's Response, Dkt. No. 199)

Exhibit 13       Declaration of David Molnia dated September 10, 2010 (submitted with IPCom's Response, Dkt. No. 199)

US2008 1747798.1

Exhibit 14        Declaration of Dr. Michael Kleine-Cosack dated September 8, 2010 (submitted with IPCom's Response, Dkt. No. 199)

Exhibit 15        Declaration of Michael J. Striker dated September 8, 2010 (submitted with IPCom's Response, Dkt. No. 199)

Exhibit 16        Declaration of Robert Ferber dated September 9, 2010 (submitted with IPCom's Response, Dkt. No. 199)

Exhibit 17        Excerpts from the 30(b)(6) Deposition of IPCom (Bernhard Frohwitter) dated July 16, 2009 (Ex. B to IPCom's Response, Dkt. No. 199)

Exhibit 18        Declaration of Christoph Schoeller dated September 14, 2010 (submitted with IPCom's Response, Dkt. No. 199)


## DESCRIPTION OF CONFIDENTIAL MATERIAL DELETED

The material omitted in Exhibit 1 describes specific provisions of a patent purchase agreement ("PPA") between Robert Bosch GmbH ("Bosch") and IPCom and sensitive business information concerning IPCom.

The material omitted in Exhibit 7 describes specific provisions of the PPA and sensitive business information concerning IPCom

The material omitted in Exhibit 8 is specific provisions of the PPA.

The material omitted in Exhibit 9 describes the date, author, recipient, and privilege claimed for documents on IPCom's privilege log.

The material omitted in Exhibit 10 describes specific provisions of the PPA.

The material omitted in Exhibit 17 describes specific provisions in the PPA and disposition of documents pursuant to the PPA.

The material omitted in Exhibit 18 describes specific provisions in the PPA and disposition of documents pursuant to the PPA.

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HTC CORPORATION and HTC      )
AMERICA, INC.,                    )
                                  )
        Plaintiffs,              )
                                  )
   v.                         )     Civil Action No. 08-1897 (RMC)
                                  )
IPCOM GmbH & CO., KG,        )     UNDER SEAL
                                  )
        Defendant.            )
                                  )

## MEMORANDUM OPINION

        The parties to this patent infringement case are in the midst of discovery and have reached an impasse concerning production of documents by IPCom GmbH & Co., KG ("IPCom"). IPCom is a German company that now owns a family of telephony patents developed initially by Robert Bosch GmbH, also a German firm. HTC Corporation and HTC America, Inc. (collectively "HTC"),[1] seek a declaratory judgment that their products do not infringe U.S. Patent No. 5,390,216 (" '216 Patent") held by IPCom, and IPCom counterclaims that HTC products infringe the '216 Patent as well as Patent No. 7,043,751 (" '751 Patent").[2] In addition to the issues of patent infringement and validity, the parties have disputed whether IPCom has an obligation to license its

---

    [1] HTC Corporation is based in Taiwan and HTC America, Inc. is its U.S. subsidiary.

    [2] The '216 Patent and the '751 Patent are collectively referred to as the "Patents." IPCom originally also claimed that HTC violated a third patent, U.S. Patent No. 6,879,830 (" '830 Patent"). The Court determined that claims 1 and 18 of the '830 Patent are invalid as indefinite under 35 U.S.C. § 112, ¶ 2, and that matter is now on appeal. See Opinion [Dkt. # 187]; Notice of Appeal [Dkt. # 207].

patents on Fair, Reasonable and Non-Discriminatory ("FRAND") terms.[3]  Pursuant to Federal Rule

of Civil Procedure 37(a), HTC moves to compel the production of documents related to issues of

patent infringement and validity and related to FRAND.  The Court will grant HTC's motion to

compel in part and deny it in part.

## I. ANALYSIS

### A. Documents in the Custody of Allegedly Related Entities

HTC seeks documents relating to IPCom's evaluation, valuation, and purchase of the

Bosch portfolio of patents and patent applications relating to inventions in the field of mobile

telephony technology, especially documents concerning patent licenses and licensing negotiations

by Bosch that occurred before its sale of the Patents to IPCom.  Under Federal Rule of Civil

Procedure 34(a), HTC may request the production of documents in the possession, custody, or

control of a party.  "Control" is the legal right to obtain documents on demand. *DL v. District of

Columbia*, 251 F.R.D. 38, 46 (D.D.C. 2008).  IPCom claims that it does not have control over the

documents because it does not control the entities that hold the requested documents:  Fortress

Investment Group; the Frohwitter Intellectual Property Agency GmbH (FIPA) (the licensing agent

for Bosch); and the Frohwitter Law Firm.

Bernard Frohwitter is the named principal in the Frohwitter Law Firm, in Pullach,

Germany. He and Christoph Schoeller formed the Frohwitter Intellectual Property Agency ("FIPA"),

---

[3] Several of Bosch's patented inventions were accepted by the European Telecommunications
Standards Institute, known as ETSI, as essential technology when European standards for mobile
telephones were being developed.  In return, Bosch formally promised that it would license only at
FRAND terms and conditions.  When IPCom acquired the Bosch patents, and in this litigation, it
took the position that it was not obligated to limit its royalties to FRAND terms. Counsel for IPCom
says that it has subsequently changed its position and that now the only dispute on this point between
IPCom and HTC is their disagreement as to what constitutes FRAND terms and conditions.

which was the licensing agent for Bosch when Bosch was in the mobile telephone market and owned

the Patents.  Mr. Frohwitter and the Frohwitter Law Firm advised FIPA and Bosch; Mr. Schoeller

worked as a consultant to FIPA, investigating potential licensees, while Mr. Frohwitter negotiated

licenses on Bosch's behalf.  Bosch sold its mobile telephone business to others not involved here

and, in 2007, sold its family of telephony patents to IPCom.  Messrs. Frohwitter and Schoeller

formed IPCom in 2007 for the express purpose of purchasing the Bosch patent portfolio.  Fortress

Investment Group provided funding for IPCom's purchase of the Bosch patents and, in return,

Fortress received 50% ownership and ███████████████████████.  Companies

owned by the Frohwitter and Schoeller families hold the other 50% share of IPCom and ██████e

██████████████.

   IPCom purchased the Patents from Bosch pursuant to a Patent Purchase Agreement

("PPA").  *See* Patent Purchase Agreement [Dkt. # 60-1].[4]  Section 6 of PPA provides, in pertinent

part:



MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED



---

[5] Frohwitter Rechts-und Patentanwälte is translated as "Frohwitter Rights and Patent Lawyers." Frohwitter Patent-und Rechtsanwälte ███████████████), is the same law firm.

-4-

MATERIAL SUBJECT TO
PROTECTIVE ORDER DELETED



In order for HTC to obtain documents from IPCom that are in the possession of Fortress, the Frohwitter Law Firm, or FIPA, HTC must show that IPCom's relationship with these entities establishes that IPCom has a legal right to demand that the Frohwitter Law Firm, FIPA, and/or Fortress turn over documents to it. *See* Fed. R. Civ. P. 34(a); *DL*, 251 F.R.D. at 46. HTC seeks the production of all non-privileged documents in the possession of Fortress, the Frohwitter Law Firm, and FIPA.

**1. Documents in the Possession of Fortress**

According to the parties, Fortress conducted an independent investigation of the Bosch telephony patent portfolio and performed due diligence concerning IPCom (and, presumably, FIPA and Messrs. Frohwitter and Schoeller). In an effort to define FRAND, HTC demands that

-5-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

IPCom produce a copy of this analysis.

Fortress is a public company and an investor in IPCom. 

IPCom has no representatives on Fortress's board and there is

no evidence that the relationship is anything but an arm's length business investment.  IPCom says

it has never seen the Fortress analysis of the Bosch patents and certainly has no control over Fortress

which would give it the right to demand that Fortress produce such documentation.  HTC proffers

no evidence to the contrary.  Without evidence that IPCom "controls" Fortress to the extent that it

can demand the requested document(s) at any time, HTC's motion to compel IPCom's production

of Fortress documents must fail.

### 2. Documents Held by the Frohwitter Law Firm

-6-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED



As the proponent of the motion to compel, HTC bears the burden of demonstrating its right to the licenses. *See Covad Comm. Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009) (party seeking discovery via a motion to compel has the burden of proving that the discovery response is inadequate). It has failed to do so because there is no evidence that Bosch sold any of said licenses to IPCom or that Bosch warranted that the licenses



-7-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

would be held by the Frohwitter Law Firm for IPCom's use as needed to enforce the patents. Thus, there is no evidence that IPCom has ever controlled any of the Bosch-era licenses. Indeed ██████e

████████████████████████████████████████████████████████████r

███████████████████████████████████████████████the record suggests it is more likely than not that Bosch did not turn over any of its licenses to the Frohwitter Law Firm for IPCom's use. That the Frohwitter Law Firm might hold Bosch licenses in its own files from the days when Mr. Frohwitter negotiated on Bosch's behalf does not in any way render such licenses subject to IPCom's control. Mr. Frohwitter occupies a complicated position in this scenario but it is not difficult to separate his role as patent attorney for Bosch from his role with IPCom. HTC's motion to compel will be denied insofar as it seeks copies of Bosch-era licenses of the Patents.

### 3. Documents Held by FIPA

A more difficult question relates to FIPA, which is not a law firm but is a licensing agent. The record is extremely sparse as to how FIPA operates. Is it a corporation in name only to which Mr. Schoeller "consulted" and that Mr. Frohwitter "managed" but with only one client and without any other employees? Or is it a full-blown separate entity running a full-fledged business? The Court cannot determine how any applicable privilege might or might not apply to FIPA because the factual record is so barren.

HTC argues that the Court should order IPCom to produce documents held by FIPA due to the close coordination between IPCom and FIPA. *See McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 75 (D.D.C. 1999) (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986) ("The control analysis for Rule 34 purposes does not require the party to have actual managerial power over the foreign corporation, but rather that there be a close

-8-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED



As the proponent of the motion to compel, HTC bears the burden of demonstrating its right to the licenses. *See Covad Comm. Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009) (party seeking discovery via a motion to compel has the burden of proving that the discovery response is inadequate). It has failed to do so because there is no evidence that Bosch sold any of said licenses to IPCom or that Bosch warranted that the licenses



-7-

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

would be held by the Frohwitter Law Firm for IPCom's use as needed to enforce the patents. Thus, there is no evidence that IPCom has ever controlled any of the Bosch-era licenses. Indeed ███ e ██████████████████████████████████████████████████████████████ r ███████████████████████████████████████████ the record suggests it is more likely than not that Bosch did not turn over any of its licenses to the Frohwitter Law Firm for IPCom's use. That the Frohwitter Law Firm might hold Bosch licenses in its own files from the days when Mr. Frohwitter negotiated on Bosch's behalf does not in any way render such licenses subject to IPCom's control. Mr. Frohwitter occupies a complicated position in this scenario but it is not difficult to separate his role as patent attorney for Bosch from his role with IPCom. HTC's motion to compel will be denied insofar as it seeks copies of Bosch-era licenses of the Patents.

### 3. Documents Held by FIPA

A more difficult question relates to FIPA, which is not a law firm but is a licensing agent. The record is extremely sparse as to how FIPA operates. Is it a corporation in name only to which Mr. Schoeller "consulted" and that Mr. Frohwitter "managed" but with only one client and without any other employees? Or is it a full-blown separate entity running a full-fledged business? The Court cannot determine how any applicable privilege might or might not apply to FIPA because the factual record is so barren.

HTC argues that the Court should order IPCom to produce documents held by FIPA due to the close coordination between IPCom and FIPA. *See McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 75 (D.D.C. 1999) (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986) ("The control analysis for Rule 34 purposes does not require the party to have actual managerial power over the foreign corporation, but rather that there be a close

-8-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

coordination between them."). The *McKesson* court ordered production of documents held by the foreign parent of a domestic patent holder based on the close relationship between the two. 185 F.R.D. at 78. HTC alleges that IPCom controls FIPA due to the close relationship between them, noting that Frohwitter and Schoeller family companies own ██████ 50% of IPCom.

  While not entirely clear, the inter-relating ownership interests are basically conceded. These facts alone, however, are insufficient to demonstrate that IPCom, the newer entity created in 2007, "controls" FIPA, as needed to require IPCom to produce FIPA documents here. *See* Fed. R. Civ. P. 34(a) (a party may request the production of documents in the possession, custody, or control of another party). Because HTC bears the burden of demonstrating its right to compel production, *Covad*, 258 F.R.D. at 19, the motion to produce documents held by FIPA will be denied without prejudice.

### B. Allegedly Privileged Documents Sought by HTC

  In response to HTC's request for documents, IPCom refused to produce certain documents based on attorney-client privilege. Some of these documents were prepared by Bosch employees and provided to counsel or were prepared by counsel to Bosch. *See* HTC's Mot. to Compel [Dkt. # 194], Ex. P to Oblon Decl. [Dkt. #194-18] ("Privilege Log"), items 1-23. Further, during depositions of the inventors, counsel for IPCom instructed the inventors not to disclose information relating to the invention disclosure statements based on attorney-client privilege.

  HTC contends that attorney-client privilege does not apply or was waived with respect to those documents, and it asks the Court to enter an order (1) compelling IPCom to "produce all patent prosecution documents obtained from the previous owner, Bosch" and (2) directing IPCom that it may "not assert the attorney-client privilege to prevent inventors or prosecution counsel from

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

testifying regarding communications to or from Bosch relating to the prosecution of the patents-in-suit." *See* HTC's Proposed Order [Dkt. # 194-24].

HTC's motion to compel relates to three categories of allegedly privileged documents set forth in IPCom's Privilege Log:

> (1) Invention Disclosure and Notification Statements and communications between Bosch employees in Germany and Bosch in-house counsel in Germany. Privilege Log, items 1-3.

> (2) Correspondence between Bosch in-house counsel in Germany and Japanese patent counsel for Bosch regarding Japanese patent application 292 374/92 (a Japanese patent application that is in the same family as the '216 Patent). Privilege Log, items 4-20.

> (3) Correspondence between the Bosch patent department and U.S. patent prosecution counsel regarding the U.S. Patent Application, Serial No. 09-914,967, that issued as the '751 patent. Privilege Log, items 21-23.

While IPCom concedes that all of these documents are relevant to the issues in this litigation, it contends that none of them can be produced to HTC because of attorney-client privilege, including both ethical and criminal limitations applicable to German lawyers such as Mr. Frohwitter and the Frohwitter Law Firm.

To begin with, careful distinctions must be made among the German companies surrounding Mr. Frohwitter and the privilege laws of the United States and Germany. In the context of the pending motion to compel, the Frohwitter Law Firm plays at least three separate roles: 1) current counsel to IPCom; 2) former licensing counsel to Bosch; and 3) custodian of documents from Bosch that it holds on behalf of IPCom. Bosch sold its telephony patents to IPCom and also sold the back-up documentation necessary for enforcement of said patents. Clearly, IPCom could not enforce the patents without the back-up documentation. The very clever maneuver whereby

-10-

██████████████████████████████████████████ to
██████████████████████████████████████████ he
███████████████████████ cannot change the reality that Bosch ceased to own and control the

documents and IPCom came to own and control them for IPCom's purposes in marketing and

defending the patents.

      IPCom has submitted the declarations of Dr. Michael Kleine-Cosack and David

Molnia to explain the nuances of the Duty of Confidentiality that controls German attorneys and,

specifically, German patent lawyers.  As stated by Dr. Kleine-Cosack, "The question arises whether

a German Law Firm — in the present case Law Firm Frohwitter *et al.* — according to German Law

is in the position to hand over documents that may not be privileged under U.S. Law or whether the

Law Firm Frohwitter has the right to withhold these documents . . . ." IPCom's Resp. to HTC's Mot.

to Compel [Dkt. # 199], Kleine-Cosack Decl. [Dkt. # 199-2] ¶ 6.  Dr. Kleine-Cosack opines that the

Frohwitter Law Firm has an obligation to maintain the confidentiality of Bosch documents even if

the representation has ended:

> The Attorney's duty of confidentiality and the corresponding right not
> to disclose are as preconditions of the attorneys [sic] professionalism
> indispensible [sic] and protected by Article 12 GG (German
> Constitution) (cf. BVerfG NJW 2004, page 1305).  Both also find
> their constitutional safeguard in the client's personal rights
> (Allgemeines Persönlichkeitsrecht), specifically in the right to
> informational self-determination (Recht auf informationelle
> Selbstbestimmung, Article 2 I in conjunction with Article 1 German
> Constitution[ ]; BVerfGE 65, p. 1 at sec.; District Court of Karlsruhe
> NJW-RR 2002, p. 706, 707).  *The right of confidentiality protects the
> right of the individual to decide personally when and under which
> limitations personal circumstances may be disclosed.*

Kleine-Cosack Decl. ¶ 8 (emphasis added). Both the Federal Lawyers Act and the Federal Regulation

-11-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

for Attorneys in Germany emphasize this obligation to observe professional secrecy, even after the

representation ends. *Id.* ¶ 9. In fact, Section 203 StGB (the German Criminal Code) makes it a

crime to disclose, without authorization, a secret "which belongs to the realm of personal privacy

or a business or trade secret, which was confided to, or otherwise made known to him in his capacity

as . . . Attorney, Patent Attorney . . . ." *Id.* Imprisonment for up to one year or a fine may be

imposed. *Id.* And, even more broadly than the German Criminal Code, the Federal Lawyers Act and

the Federal Regulation for Attorneys require that "everything" "that has become known to the

Attorney" – secret or not – "in his capacity as Attorney" must be kept secret. *Id.* ¶ 15. Dr. Kleine-

Cosack concludes:

> 16. The Law Firm Frohwitter therefore would violate legal ethics if
> the Law Firm would hand over the correspondence between their
> client Bosch and third parties which had been transmitted per e-mail.
> *Only if the client consents* or regulations obligate the attorney to
> deliver the documents (cf Sec. 2 III BRAO) *the result would be
> different.*
>
> . . .
>
> 18. As a result, it has to be stated that the Frohwitter Law Firm
> according to German Criminal Code Sec. 203 (Criminal Code) and
> according to legal ethics, Sec. 43a II BRAO (Federal Lawyers Act) is
> prohibited to hand over correspondence between Bosch and third
> parties. Everything made known to the attorneys in their function as
> attorneys fall[s] under [an] obligation of secrecy, which is
> safeguarded by the lawyers['] right to refuse to testify. Attorney
> Frohwitter and his colleagues are subject to criminal and professional
> sanctions in case they hand over the correspondence which was
> exchanged between Bosch and third parties sent either cc to
> Frohwitter et al. respectively attorney Frohwitter, counsel of Bosch
> or directly to Frohwitter et al. respectively attorney Frohwitter only.

*Id.* ¶¶ 16, 18.

David Molnia, a qualified "German patent attorney, a European patent attorney and

-12-

. . . a US patent agent," offers the same opinion. *See* IPCom's Resp. to HTC's Mot. to Compel, Molnia Decl. [Dkt. # 199-3] ¶ 2. Mr. Molnia declares that divisional applications stemming from the same families as the '751 and '830 Patents were still pending in April and May 2007, at the time the Bosch patents were sold to IPCom. *Id.* ¶ 5. Indeed, continuing prosecution of "divisional applications in the families of the '751 and '830 patents continues in Europe" even now. *Id.* ¶ 6. Besides citing the authorities mentioned by Dr. Kleine-Cosack, Mr. Molnia also notes that the Regulation on Discipline, the European patent attorneys' professional code, states that "[a] professional representative shall be bound not to disclose information accepted by him in confidence in the exercise of his duties, unless he is released from this obligation." *Id.* ¶ 19. Mr. Molnia concludes, "Under German law, a German patent attorney could not be ordered to disclose these types of documents [sought by HTC]. . . . The same is true for a European patent attorney." *Id.* ¶ 21.

The Court has no reason to question the accuracy of Messrs. Kleine-Cosack or Molnia and finds that there is a conflict between the law of privilege under the Civil Code of Germany and U.S. law. Unlike Germany, where discovery does not exist, in the United States discovery is broadly available under the Federal Rules of Civil Procedure, which decree that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Further, U.S. law provides that the attorney-client privilege can be waived. The attorney-client privilege applies where:

> (1) the holder of the privilege is or sought to be a client;
>
> (2) the person to whom the communication was made is a member of the bar of a court or his subordinate and in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was

-13-

> informed by his client without the presence of strangers for the
> purpose of securing primarily either an opinion on law, legal services,
> or assistance in some legal proceeding and not for the purpose of
> committing a crime or tort; and
>
> (4) the privilege has been claimed and not waived by the client.

*In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984); *see also* Fed. R. Evid. 501 (common law

privileges apply in federal court).  Under U.S. law, the privilege can be waived by the voluntary

disclosure of the privileged communications.[8] *Permian Corp. v. U.S.*, 665 F.2d 1214, 1221 (D.C.

Cir. 1981).  The party claiming the privilege bears the burden of establishing with reasonable

certainty that the privilege applies. *Sealed Case*, 737 F.2d at 99; *see Alexander v. F.B.I.*, 192 F.R.D.

32, 33-34 (D.D.C. 2000) (a party bringing a motion to compel bears the initial burden of showing

that the information is relevant and discoverable; then the burden shifts to the defendant to prove that

the information is privileged).

U.S. privilege law applies to communications that "touch base" with the United

States. *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1444-45

(D. Del. 1989).

> According to federal common law principles, which determine the
> availability of the attorney-client privilege in patent infringement
> actions, the applicability of the privilege to communications with
> foreign (non-attorney) patent agents hinges on the subject matter of
> those communications.  If the communications relate to the
> prosecution of a patent in the agent's native country and would be
> privileged under the laws of that country, the attachment of the
> privilege depends on the laws of that country; in other words, federal
> courts will apply principles of comity.  However, if the

---

[8] Note also that under U.S. law, information that is not strictly found to be an "attorney-client
communication" in the United States would not be privileged.  Such information, however, might
constitute a trade secret that is subject to a protective order.  In the United States, the background
documents to the patents qualify as trade secrets but are produced under a protective order.

communications "touch base" with the United States, U.S. privilege law applies.

*Willemijn*, 707 F. Supp. at 1444-45.  For example, in *Odone v. Croda Int'l PLC*, 950 F. Supp. 10 (D.D.C. 1997), the court held that documents exchanged between an alleged patent infringer and its British agent regarding whether to name the plaintiff (a U.S. citizen) as coinventor "touched base" with the U.S. and thus U.S. discovery law applied.

The Invention Disclosure and Notification Statements and communications between Bosch and German, Japanese, and U.S. counsel "touch base" with the U.S. because they are related to the patent prosecution here.[9]  Thus, U.S. privilege law applies and under such U.S. law the privilege can be waived.

So we are faced with this conundrum.  The documents HTC seeks are relevant and, in the case of the Invention Disclosure and Notification Statements, at least, contain potentially critical information on prior art.  Further, the obligations of a litigant to participate in discovery are very real, and IPCom does not assert otherwise.  IPCom does not assert its *own* privilege vis-a-vis the documents in question but, rather, posits that the privilege that ran in Bosch's favor continues to bar the release of documents.

While all these documents were clearly privileged when owned by Bosch, as the experts attest, it is much less obvious that there is any Bosch privilege remaining.  Since Bosch did not sell a business to IPCom, pursuant to U.S. law IPCom did not succeed to any attorney-client privilege held by Bosch.

[W]hen control of a corporation passes to new management, the

---

[9] IPCom concedes that the three U.S. Patent Applications documents, Privilege Log items 21-23, "touch base" with the U.S. and are governed by U.S. privilege law.

> authority to assert and waive the corporation's attorney-client
> privilege passes as well. New managers . . . may waive the attorney-
> client privilege with respect to communications made by former
> officers and directors. Displaced managers may not assert the
> privilege over the wishes of current managers . . . .

*Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 349 (1985). The mere transfer of some assets or a single patent from one corporation to another does not transfer the attorney-client privilege — whether the transfer also transfers the privilege depends on the "practical consequences" of the transaction. *Severin Software LLC v. Gap, Inc.*, 340 F. Supp. 2d 760, 763 (E.D. Tex. 2004). "If the practical consequences of the transaction result in the transfer of control of the business and the continuation of the business under new management, the authority to assert or waive the attorney-client privilege will follow as well." *Id.* Here, Bosch has remained a separate, stand-alone corporate entity, and IPCom was created barely before the Patent Purchase Agreement was executed for the very purpose of purchasing the patents. IPCom did not succeed to the attorney-client privilege held by Bosch.

Moreover, Bosch waived its privilege when it sold and exposed the documents to IPCom, a stranger to the Bosch-Frohwitter attorney-client relationship. IPCom contends that it cannot produce the records because release of the documents would violate the ethical and legal obligations of the Frohwitter lawyers and expose them to possible criminal prosecution arising from the firm's representation of Bosch.[10] The argument goes too far and is difficult to credit. Both experts on German law agree that "[t]he right of confidentiality protects the right of the individual to decide personally when and under which limitations personal circumstances may be disclosed."

---

[10] *See Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 211 (1958) (noting "[i]t is hardly debatable that fear of criminal prosecution constitutes a weighty excuse for nonproduction . . . .").

Kleine-Cosack Decl. ¶ 8; *see* Molnia Decl. ¶ 19 (an attorney is bound not to disclose confidential information "unless he is released from this obligation").[11]  the

, Bosch has no interest, legal or otherwise, in these documents.[12]

The Court cannot escape concluding that IPCom "controls" the Bosch documents that the Frohwitter Law Firm holds on IPCom's behalf, that Bosch waived any attorney-client privilege regarding these documents, and that the documents must be produced under the existing protective order.  IPCom holds U.S. patents and is seeking to enforce them in this proceeding; it can hardly avoid the rules of discovery in this U.S. litigation.  Therefore, IPCom will be compelled to produce

---

[11] Thus, even under German law, Bosch's disclosure to IPCom released Bosch's lawyers from their duty of confidentiality.

[12] IPCom argues that because Bosch provided the documents to it under the "common interest doctrine," the privilege was not waived.  The common interest doctrine, also known as the "joint defense/prosecution privilege," provides that parties with shared interests in actual or potential litigation may share information protected by the attorney-client privilege without waiving the privilege. *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 159 F.R.D. 307, 313 (D.D.C. 1994).  "[F]or every case construing the common interest narrowly, there seems to be a corresponding one reaching the opposite conclusion." *Miller v. Holzmann*, 240 F.R.D. 20, 22 (D.D.C. 2007).  Cases that construe the doctrine narrowly have held that "the privilege only applies where the same attorney represents each of the clients," *Chesapeake Bay Foundation, Inc. v. Army Corps of Engineers*, No 09-1054, 2010 WL 2532649 (D.D.C. June 24, 2010), and that the disclosure must be pursuant to a joint defense agreement, *Minebea Co., Ltd. v. Papst*, 228 F. Supp. 2d 13, 16 (D.D.C. 2005).  Cases that construe the doctrine broadly have held that all that is necessary to invoke the doctrine is that parties share a common interest about a legal matter. *Miller*, 240 F.R.D. at 22.  It is not appropriate to apply the broad interpretation of the common interest doctrine under the unique circumstances of this case.  Bosch sold the Patents and all documents relating to the Patents to IPCom; Bosch did not share this information as part of a joint legal claim or defense.  Instead, Bosch shared information necessary for the sale of patent rights to IPCom — information that is critical to IPCom's ability to enforce the Patents and to HTC's challenge to the validity of the Patents.

-17-

MATERIAL SUBJECT TO PROTECTIVE
ORDER DELETED

the following:

> (1) Invention Disclosure and Notification Statements and communications between Bosch employees in Germany and Bosch in-house counsel in Germany. Privilege Log, items 1-3.

> (2) Correspondence between Bosch in-house counsel in Germany and Japanese patent counsel for Bosch regarding Japanese patent application 292 374/92 (a Japanese patent application that is in the same family as the '216 Patent). Privilege Log, items 4-20.

> (3) Correspondence between the Bosch patent department and U.S. patent prosecution counsel regarding the U.S. Patent Application, Serial No. 09-914,967, that issued as the '751 patent. Privilege Log, items 21-23.

To this extent, the motion to compel will be granted.

## II. CONCLUSION

HTC's motion to compel [Dkt. # 194] will be granted in part and denied in part. The motion will be denied as it relates to documents held by Fortress Investment Group, it will be denied as it relates to the Bosch licensing materials held by the Frohwitter Law Firm, and it will be denied without prejudice as it relates to FIPA. The motion will be granted as it relates to the following three categories of documents:

> (1) Invention Disclosure and Notification Statements and communications between Bosch employees in Germany and Bosch in-house counsel in Germany. Privilege Log, items 1-3.

> (2) Correspondence between Bosch in-house counsel in Germany and Japanese patent counsel for Bosch regarding Japanese patent application 292 374/92 (a Japanese patent application that is in the same family as the '216 Patent). Privilege Log, items 4-20.

> (3) Correspondence between the Bosch patent department and U.S. patent prosecution counsel regarding the U.S. Patent Application, Serial No. 09-914,967, that issued as the '751 patent. Privilege Log, items 21-23.

IPCom shall produce these three categories of documents pursuant to the Protective Order and shall

not assert the attorney-client privilege to prevent inventors or prosecution counsel from testifying regarding communications to or from Bosch relating to the prosecution of the Patents. A memorializing Order accompanies this Memorandum Opinion.

Date: October 25, 2010

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| IPCOM GmbH & CO., KG, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 08-1897 (RMC)

ORDER

For the reasons stated in the Memorandum Opinion issued simultaneously with this Order, the Court hereby

ORDERS that HTC's motion to compel [Dkt. # 194] is GRANTED IN PART AND DENIED IN PART as follows:

The motion is DENIED as it relates to documents held by Fortress Investment Group; the motion is DENIED as it relates to the Bosch licensing materials held by the Frohwitter Law Firm; and the motion is DENIED without prejudice as it relates to the Frohwitter Intellectual Property Agency GmbH (FIPA).

The motion is GRANTED as it relates to the following three categories of documents:

(1) Invention Disclosure and Notification Statements and communications between Bosch employees in Germany and Bosch in-house counsel in Germany.  Privilege Log, items 1-3.

(2) Correspondence between Bosch in-house counsel in Germany and Japanese

patent counsel for Bosch regarding Japanese patent application 292 374/92 (a patent application in the same family as U.S. Patent No. 5,390,216.  Privilege Log, items 4-20.

(3) Correspondence between the Bosch patent department and U.S. patent prosecution counsel regarding the U.S. Patent Application, Serial No. 09-914,967, that issued as U.S. Patent No. 7,043,751.  Privilege Log, items 21-23.

IPCom shall produce these three categories of documents pursuant to the Protective Order and shall not assert the attorney-client privilege to prevent inventors or prosecution counsel from testifying regarding communications to or from Bosch relating to the prosecution of U.S. Patent Nos. 5,390,216 and 7,043,751.

**SO ORDERED.**

Date: October 25, 2010                                        /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge

-2-

**EXHIBIT 3**

**Shamita D. Etienne-Cummings**
(See above for address)
*TERMINATED: 07/14/2009*

**Shannon M. Bloodworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Susan A. Creighton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Sloan Coats , III**
(See above for address)
*TERMINATED: 07/14/2009*
*PRO HAC VICE*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2008 | 1 | COMPLAINT against IPCOM GMBH & CO., KG ( Filing fee $ 350, receipt number 4616016075) filed by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Civil Cover Sheet)(tg, ) (Entered: 11/05/2008) |
| 11/03/2008 | 2 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by HTC CORPORATION, HTC AMERICA, INC. identifying Corporate Parent HTC CORPORATION for HTC AMERICA, INC. (tg, ) (Entered: 11/05/2008) |
| 11/03/2008 | | Summons (1) Issued as to IPCOM GMBH & CO., KG. (tg, ) (Entered: 11/05/2008) |
| 11/10/2008 | 3 | MOTION for Leave to Appear Pro Hac Vice *for William Sloan Coats* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Foster, Dana) (Entered: 11/10/2008) |
| 11/10/2008 | 4 | MOTION for Leave to Appear Pro Hac Vice *for Kyle D. Chen* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Foster, Dana) (Entered: 11/10/2008) |
| 11/10/2008 | 5 | MOTION for Leave to Appear Pro Hac Vice *for Mark R. Weinstein* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Foster, Dana) (Entered: 11/10/2008) |
| 11/13/2008 | | MINUTE ENTRY ORDER granting 3 Motion of William Sloan Coats for Admission Pro Hac Vice. Signed by Judge Rosemary M. Collyer on 11/13/08. (lcrmc1) (Entered: 11/13/2008) |
| 11/13/2008 | | MINUTE ENTRY ORDER granting 4 Motion of Kyle D. Chen for Admission Pro Hac Vice for this matter. Signed by Judge Rosemary M. Collyer on 11/13/08. (lcrmc1) (Entered: 11/13/2008) |

| | | |
|---|---|---|
| 11/13/2008 | | MINUTE ENTRY ORDER granting 5 Motion of Mark R. Weinstein for Admission Pro Hac Vice for this matter. Signed by Judge Rosemary M. Collyer on 11/13/08. (lcrmc1) (Entered: 11/13/2008) |
| 11/20/2008 | 6 | NOTICE of Appearance by Kyle D. Chen on behalf of HTC CORPORATION, HTC AMERICA, INC. (Chen, Kyle) (Entered: 11/20/2008) |
| 11/21/2008 | 7 | NOTICE of Appearance by William Sloan Coats on behalf of HTC CORPORATION, HTC AMERICA, INC. (Coats, William) (Entered: 11/21/2008) |
| 11/25/2008 | 8 | NOTICE of Appearance by Mark Weinstein on behalf of HTC CORPORATION, HTC AMERICA, INC. (Weinstein, Mark) (Entered: 11/25/2008) |
| 01/05/2009 | 9 | NOTICE of Appearance by Jack Quinton Lever, Jr on behalf of HTC CORPORATION, HTC AMERICA, INC. (Lever, Jack) (Entered: 01/05/2009) |
| 01/05/2009 | 10 | NOTICE of Appearance by Shamita D. Etienne-Cummings on behalf of HTC CORPORATION, HTC AMERICA, INC. (Etienne-Cummings, Shamita) (Entered: 01/05/2009) |
| 01/05/2009 | 11 | NOTICE OF SUBSTITUTION OF COUNSEL by Shamita D. Etienne-Cummings on behalf of HTC CORPORATION, HTC AMERICA, INC. Substituting for attorney Dana E. Foster (Etienne-Cummings, Shamita) (Entered: 01/05/2009) |
| 02/09/2009 | | SUMMONS (1) REISSUED as to IPCOM GMBH & CO., KG (tg, ) (Entered: 02/09/2009) |
| 02/19/2009 | 12 | ENTERED IN ERROR.....Summons Returned Unexecuted by HTC CORPORATION, HTC AMERICA, INC. as to HTC CORPORATION, HTC AMERICA, INC.., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. (Etienne-Cummings, Shamita) Modified on 2/19/2009 (td, ). (Entered: 02/19/2009) |
| 02/19/2009 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. IPCOM GMBH & CO., KG served on 2/11/2009, answer due 3/3/2009 (Etienne-Cummings, Shamita) (Entered: 02/19/2009) |
| 02/19/2009 | | NOTICE OF CORRECTED DOCKET ENTRY: re 12 Summons Returned Unexecuted,, Summons Returned Executed, was entered in error and counsel was instructed to refile said pleading. (td, ) (Entered: 02/19/2009) |
| 02/27/2009 | 14 | ANSWER to 1 Complaint with Jury Demand, COUNTERCLAIM against all plaintiffs by IPCOM GMBH & CO., KG. Related document: 1 Complaint filed by HTC CORPORATION, HTC AMERICA, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baskin, Stephen) (Entered: 02/27/2009) |
| 02/27/2009 | 15 | NOTICE of Appearance by Stephen Eric Baskin on behalf of IPCOM GMBH & CO., KG (Baskin, Stephen) (Entered: 02/27/2009) |

District of Columbia live database                                      Page 14 of 47

| 02/27/2009 | 16 | Corporate Disclosure Statement by IPCOM GMBH & CO., KG. (Baskin, Stephen) (Entered: 02/27/2009) |
|---|---|---|
| 03/10/2009 | 17 | ORDER for Initial Scheduling Conference. The Initial Scheduling Conference is set for April 7, 2009 at 10:30 a.m. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 3/10/09. (lcrmc1) (Entered: 03/10/2009) |
| 03/10/2009 |  | Set/Reset Deadlines/Hearings: Initial Scheduling Conference set for 4/7/2009 at 10:30 AM in Courtroom 2 before Judge Rosemary M. Collyer. (cdw) (Entered: 03/10/2009) |
| 03/10/2009 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Mitchell Gaines Stockwell, :Firm- Kilpatrick Stockton LLP, :Address- 1100 Peachtree St, Ste 2800 Atlanta GA 30309-4530. Phone No. - (404) 815-6214. Fax No. - (404) 541-3403 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Baskin, Stephen) (Entered: 03/10/2009) |
| 03/11/2009 |  | MINUTE ORDER granting 18 Motion for Admission Pro Hac Vice of Mitchell G. Stockwell. Signed by Judge Rosemary M. Collyer on 3/11/09. (lcrmc1) (Entered: 03/11/2009) |
| 03/19/2009 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Geoffrey K. Gavin, :Firm- Kilpatrick Stockton LLP, :Address- 1100 Peachtree St., Ste 2800 Atlanta, GA 30309. Phone No. - (404) 815-6046. Fax No. - (404) 541-3213 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Baskin, Stephen) (Entered: 03/19/2009) |
| 03/19/2009 | 20 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Leroy M. Toliver, :Firm- Kilpatrick Stockton LLP, :Address- 1100 Peachtree St., Ste 2800, Atlanta, GA 30309. Phone No. - (404) 815-6483. Fax No. - (404) 541-3274 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Baskin, Stephen) (Entered: 03/19/2009) |
| 03/19/2009 | 21 | Unopposed MOTION for Extension of Time to File Answer *to Counterclaims* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(Lever, Jack) (Entered: 03/19/2009) |
| 03/20/2009 |  | MINUTE ORDER granting 21 HTC's Unopposed Motion to Extend Time to Answer or Otherwise Respond to Counterclaims. It is hereby ORDERED that Plaintiffs and Counterclaim-Defendants shall file their answer or other response to Defendant's and Counterclaim-Plaintiff's Counterclaims no later than April 6, 2009. Signed by Judge Rosemary M. Collyer on 3/20/09. (lcrmc1) (Entered: 03/20/2009) |
| 03/20/2009 |  | MINUTE ORDER granting 19 Motion for Admission Pro Hac Vice of Geoffrey K. Gavin. Signed by Judge Rosemary M. Collyer on 3/20/09. (lcrmc1) (Entered: 03/20/2009) |
| 03/20/2009 |  | MINUTE ORDER granting 20 Motion for Admission Pro Hac Vice of Leroy M. Toliver. Signed by Judge Rosemary M. Collyer on 3/20/09. (lcrmc1) (Entered: 03/20/2009) |
| 03/23/2009 |  | Set/Reset Deadlines: Answer to counterclaims due by 4/6/2009. (cdw) |

| | | (Entered: 03/23/2009) |
|---|---|---|
| 03/31/2009 | 22 | NOTICE *Rule 26(f) Joint Scheduling Report* by HTC CORPORATION, HTC AMERICA, INC. (Etienne-Cummings, Shamita) (Entered: 03/31/2009) |
| 04/01/2009 | 23 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Catherine E. Hart, :Firm- Kilpatrick Stockton LLP, :Address- 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309-4530. Phone No. - (404) 532-6938. Fax No. - (404) 541-3360 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit Declaration of Catherine E. Hart, # 2 (Proposed) Order)(Baskin, Stephen) (Entered: 04/01/2009) |
| 04/02/2009 | | MINUTE ORDER granting 23 Motion for Admission Pro Hac Vice of Catherine E. Hart. Signed by Judge Rosemary M. Collyer on 4/2/09. (lcrmc1) (Entered: 04/02/2009) |
| 04/03/2009 | 24 | NOTICE *Statement of the Case* by HTC CORPORATION, HTC AMERICA, INC. (Etienne-Cummings, Shamita) (Entered: 04/03/2009) |
| 04/03/2009 | 25 | NOTICE *of Statement of the Case and Statutory Basis* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1)(Stockwell, Mitchell) (Entered: 04/03/2009) |
| 04/06/2009 | 26 | NOTICE of Appearance by Monisha Deka on behalf of HTC CORPORATION, HTC AMERICA, INC. (nmw, ) (Entered: 04/06/2009) |
| 04/06/2009 | 27 | *PLAINTIFF AND COUNTERCLAIM DEFENDANTS'* ANSWER to 14 Answer to Complaint,, Counterclaim, by HTC CORPORATION, HTC AMERICA, INC.. Related document: 14 Answer to Complaint,, Counterclaim, filed by IPCOM GMBH & CO., KG.(Etienne-Cummings, Shamita) (Entered: 04/06/2009) |
| 04/07/2009 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Initial Scheduling Conference held on 4/7/2009. (Court Reporter: Crystal Pilgrim) (cdw) (Entered: 04/08/2009) |
| 04/15/2009 | 28 | SCHEDULING ORDER. Opening Markman briefs shall be filed no later than November 20, 2009. Responsive Markman briefs shall be filed no later than December 18, 2009. A patent technology tutorial shall be held for the Court on January 1, 2010. A Markman hearing is scheduled for February 16, 2010. Signed by Judge Rosemary M. Collyer on 4/15/09. (lcrmc1) (Entered: 04/15/2009) |
| 04/16/2009 | | MINUTE ORDER amending 28 Scheduling Order. Paragraph Nine (9) of the Scheduling Order shall be amended so that the patent technology tutorial shall be held on January 26, 2009. Signed by Judge Rosemary M. Collyer on 4/16/09. (lcrmc1) (Entered: 04/16/2009) |
| 04/22/2009 | 29 | NOTICE of Appearance by John S. Skilton on behalf of HTC CORPORATION, HTC AMERICA, INC. (Skilton, John) (Entered: 04/22/2009) |
| 04/22/2009 | 30 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jonathan M. James, :Firm- Perkins Coie Brown & Bain P.A., :Address- 2901 N. Central |

| | | |
|---|---|---|
| | | Avenue, Suite 2000, Phoenix, AZ 85012. Phone No. - (602) 351-8000. Fax No. - (602) 648-7000 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration of Jonathan M. James, # 2 Text of Proposed Order)(Skilton, John) (Entered: 04/22/2009) |
| 04/22/2009 | 31 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael A. Oblon, :Firm- Perkins Coie LLP, :Address- 607 14th Street, N.W., Suite 800, Washington, DC 20005. Phone No. - (202) 628-6600. Fax No. - (202) 434-1690 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration of Michael A. Oblon, # 2 Text of Proposed Order)(Skilton, John) (Entered: 04/22/2009) |
| 04/23/2009 | | MINUTE ORDER granting 30 and 31 Motions for Leave to Appear Pro Hac Vice. Jonathan M. James and Michael A. Oblon are hereby admitted to practice and appear before this Court on behalf of Plaintiffs in this action. Signed by Judge Rosemary M. Collyer on 4/23/09. (lcrmc1) (Entered: 04/23/2009) |
| 05/11/2009 | 32 | REPORT on the filing or determination of an action regarding patent and/or trademark number(s) 5,390,216. (jeb, ) (Entered: 05/11/2009) |
| 05/12/2009 | 33 | Unopposed MOTION to Withdraw as Attorney *Kyle Chen* by HTC CORPORATION, HTC AMERICA, INC. (Chen, Kyle) (Entered: 05/12/2009) |
| 05/12/2009 | 34 | Unopposed MOTION to Withdraw as Attorney *William Coats* by HTC CORPORATION, HTC AMERICA, INC. (Coats, William) (Entered: 05/12/2009) |
| 05/12/2009 | 35 | Unopposed MOTION to Withdraw as Attorney *Mark Weinstein* by HTC CORPORATION, HTC AMERICA, INC. (Weinstein, Mark) (Entered: 05/12/2009) |
| 05/12/2009 | 36 | Unopposed MOTION to Withdraw as Attorney *Monisha Deka* by HTC CORPORATION, HTC AMERICA, INC. (Deka, Monisha) (Entered: 05/12/2009) |
| 05/12/2009 | 37 | Unopposed MOTION to Withdraw as Attorney *Shamita Etienne-Cummings* by HTC CORPORATION, HTC AMERICA, INC. (Etienne-Cummings, Shamita) (Entered: 05/12/2009) |
| 05/12/2009 | 38 | Unopposed MOTION to Withdraw as Attorney *Jack Lever* by HTC CORPORATION, HTC AMERICA, INC. (Lever, Jack) (Entered: 05/12/2009) |
| 05/13/2009 | | NOTICE OF ERROR re 34 Motion to Withdraw as Attorney; emailed to wcoats@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |
| 05/13/2009 | | NOTICE OF ERROR re 33 Motion to Withdraw as Attorney; emailed to kchen@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |

| 05/13/2009 | | NOTICE OF ERROR re 35 Motion to Withdraw as Attorney; emailed to mweinstein@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |
|---|---|---|
| 05/13/2009 | | NOTICE OF ERROR re 36 Motion to Withdraw as Attorney; emailed to mdeka@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |
| 05/13/2009 | | NOTICE OF ERROR re 37 Motion to Withdraw as Attorney; emailed to setienne@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |
| 05/13/2009 | | NOTICE OF ERROR re 38 Motion to Withdraw as Attorney; emailed to jlever@whitecase.com, cc'd 16 associated attorneys -- The PDF file you docketed contained errors: 1. Proposed Order to be filed by Counsel. (rdj, ) (Entered: 05/13/2009) |
| 05/13/2009 | 39 | NOTICE of filing proposed order by HTC CORPORATION, HTC AMERICA, INC. re 35 Unopposed MOTION to Withdraw as Attorney *Mark Weinstein*, 37 Unopposed MOTION to Withdraw as Attorney *Shamita Etienne-Cummings*, 33 Unopposed MOTION to Withdraw as Attorney *Kyle Chen*, 34 Unopposed MOTION to Withdraw as Attorney *William Coats*, 36 Unopposed MOTION to Withdraw as Attorney *Monisha Deka*, 38 Unopposed MOTION to Withdraw as Attorney *Jack Lever* (Attachments: # 1 Text of Proposed Order)(jeb, ) (Entered: 05/14/2009) |
| 06/01/2009 | 40 | Joint MOTION for Protective Order by HTC CORPORATION, HTC AMERICA, INC., IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit A Proposed Protective Order, # 2 Exhibit B Stipulation Concerning Agreed Protective Order)(Stockwell, Mitchell) (Entered: 06/01/2009) |
| 06/11/2009 | 41 | PROTECTIVE ORDER. Signed by Judge Rosemary M. Collyer on June 5, 2009. (cdw) (Entered: 06/11/2009) |
| 06/24/2009 | 42 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- K. James Sangston, :Firm- Kilpatrick Stockton LLP, :Address- 1100 Peachtree Ave, Ste. 2800, Atlanta, GA 30309-4530. Phone No. - (404) 815-6160. Fax No. - (404) 541-3205 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1 Declaration of K. James Sangston, # 2 Text of Proposed Order)(Baskin, Stephen) (Entered: 06/24/2009) |
| 06/25/2009 | 43 | Joint MOTION for Extension of Time to Amend *the Pleadings or to Join Third Parties* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(James, Jonathan) (Entered: 06/25/2009) |
| 06/26/2009 | | MINUTE ORDER granting 43 Joint Motion for Extension of Time. It is hereby ORDERED that the parties shall file any motions to amend the pleadings or join any third parties no later than August 14, 2009. Signed by Judge Rosemary M. Collyer on 6/26/09. (lcrmc1) (Entered: 06/26/2009) |

| | | |
|---|---|---|
| 06/26/2009 | | Set/Reset Deadlines: Motions to Amend due by 8/14/2009. (cdw) (Entered: 06/30/2009) |
| 07/14/2009 | | MINUTE ORDER. Pursuant to the agreement made during the telephone conference held July 14, 2009, it is hereby ORDERED that Plaintiffs shall complete document production no later than August 14, 2009. Signed by Judge Rosemary M. Collyer on 7/14/09. (lcrmc1) (Entered: 07/14/2009) |
| 07/14/2009 | | MINUTE ORDER granting 33 , 34 , 35 , 36 , and 37 Unopposed Motions to Withdraw as Attorney. Attorneys Monisha Deka, Shamita D. Etienne-Cummings, Mark Weinstein, Kyle D. Chen, and William Sloan Coats are hereby terminated. It is further ORDERED that 42 Motion for Leave to Appear Pro Hac Vice is GRANTED. K. James Sangston is hereby admitted to practice and appear before the Court on behalf of Defendants in this action. Signed by Judge Rosemary M. Collyer on 7/14/09. (lcrmc1) (Entered: 07/14/2009) |
| 07/15/2009 | 44 | MOTION for Leave to File *Document Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 07/15/2009) |
| 07/15/2009 | 45 | MOTION for Leave to File *Motion for Protective Order, Memorandum in Support and Exhibits Under Seal* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 07/15/2009) |
| 07/15/2009 | | MINUTE ORDER granting 44 Plaintiffs' Motion for Leave to File Under Seal and 45 Defendants' Motion for Leave to File Under Seal. Signed by Judge Rosemary M. Collyer on 7/15/09. (lcrmc1) (Entered: 07/15/2009) |
| 07/15/2009 | 46 | NOTICE *of Filing Sealed Material* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 07/15/2009) |
| 07/15/2009 | 47 | SEALED MOTION filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibits A-D)(zrdj) (Entered: 07/16/2009) |
| 07/15/2009 | 48 | SEALED DOCUMENT filed by HTC CORPORATION, HTC AMERICA, INC..(This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 07/16/2009) |
| 07/16/2009 | | MINUTE ORDER granting 48 Plaintiffs' Motion for Leave to File an Opposition. It is hereby ORDERED that Plaintiffs shall file an opposition to Defendants' Motion for a Protective Order no later than July 24, 2009. Signed by Judge Rosemary M. Collyer on 7/16/09. (lcrmc1) (Entered: 07/16/2009) |
| 07/16/2009 | | Set/Reset Deadlines/Hearings: Response to Motion for Protective Order due by 6/24/2009 (cdw) (Entered: 07/20/2009) |
| 07/24/2009 | 49 | MOTION for Leave to File *Document Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 07/24/2009) |

| 07/24/2009 | 85 | SEALED Brief in Opposition to IPCOM's Motion for Protective Order filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Michael A. Oblon, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(zrdj) (Entered: 09/22/2009) |
| 07/28/2009 |  | MINUTE ORDER granting nunc pro tunc to July 24, 2009, 49 Plaintiff's Motion for Leave to File Document Under Seal. Signed by Judge Rosemary M. Collyer on 7/28/09. (lcrmc1) (Entered: 07/28/2009) |
| 07/30/2009 | 50 | Joint MOTION for Protective Order *for Source Code* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 [Proposed] Source Code Protective Order, # 2 Certificate of Service)(James, Jonathan) (Entered: 07/30/2009) |
| 08/04/2009 | 51 | MOTION for Leave to File *Under Seal* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 08/04/2009) |
| 08/04/2009 | 52 | NOTICE *of Filing Sealed Material* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 08/04/2009) |
| 08/05/2009 |  | MINUTE ORDER granting 51 Defendant's Motion for Leave to File Document Under Seal. Signed by Judge Rosemary M. Collyer on 8/5/09. (lcrmc1) (Entered: 08/05/2009) |
| 08/05/2009 | 53 | SEALED DOCUMENT filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 08/06/2009) |
| 08/06/2009 | 54 | SOURCE CODE PROTECTIVE ORDER. Signed by Judge Rosemary M. Collyer on August 5, 2009. (cdw) (Entered: 08/07/2009) |
| 08/10/2009 | 55 | Joint MOTION for Order *re Amended Source Code Protective Order* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(James, Jonathan) (Entered: 08/10/2009) |
| 08/12/2009 | 56 | AMENDED SOURCE CODE PROTECTIVE ORDER. Signed by Judge Rosemary M. Collyer on August 11, 2009. (cdw) (Entered: 08/13/2009) |
| 08/14/2009 | 57 | MOTION for Leave to File *Amended Pleadings* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order Proposed Order)(James, Jonathan) (Entered: 08/14/2009) |
| 08/14/2009 | 58 | MOTION for Leave to File *Documents Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order Proposed Order)(James, Jonathan) (Entered: 08/14/2009) |
| 08/14/2009 | 59 | NOTICE *of Filing Sealed Material* by HTC CORPORATION, HTC AMERICA, INC. (James, Jonathan) (Entered: 08/14/2009) |
| 08/18/2009 |  | MINUTE ORDER granting 57 and 58 Plaintiffs' Motions for Leave to File Under Seal. Signed by Judge Rosemary M. Collyer on 8/18/09.(lcrmc1) (Entered: 08/18/2009) |

| | | |
|---|---|---|
| 08/18/2009 | 60 | SEALED DOCUMENT filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(zrdj)(Entered: 08/19/2009) |
| 08/18/2009 | 147 | SEALED DOCUMENT filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 12/18/2009) |
| 08/27/2009 | 61 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- S. Kameron Parvin, :Firm- Perkins Coie LLP, :Address- 1201 Third Ave., Suite 4800, Seattle, Washington 98101-3099. Phone No. - (206) 359-6111. Fax No. - (206) 359-7111 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 08/27/2009) |
| 08/27/2009 | 62 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Susan A. Creighton, :Firm- Wilson Sonsini Goodrich & Rosati, P.C., :Address- 1700 K Street, NW, 5th Floor, Washington, DC 20006-3817. Phone No. - (202) 973-8800. Fax No. - (202) 973-8899 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 08/27/2009) |
| 08/27/2009 | 63 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Sara Ciarelli Walsh, :Firm- Wilson Sonsini Goodrich & Rosati, P.C., :Address- 1301 Avenue of the Americas, 40th Floor, New York, NY 10019. Phone No. - (212) 497-7700. Fax No. - (212) 999-5899 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 08/27/2009) |
| 08/27/2009 | 64 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Kara B. Kuritz, :Firm- Wilson Sonsini Goodrich & Rosati, P.C., :Address- 1700 K Street, NW, 5th Floor, Washington, DC 20006. Phone No. - (202) 973-8800. Fax No. - (202) 973-8899 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 08/27/2009) |
| 09/01/2009 | 65 | MOTION for Leave to File *IPCom's Brief in Support of Motion to Dismiss and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses Under Seal* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 09/01/2009) |
| 09/01/2009 | 66 | ENTERED IN ERROR.....MOTION to Dismiss *and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order, # 3 Memorandum in Support Filed Under Seal with Court)(Gavin, Geoffrey) Modified on 9/2/2009 (rdj). (Entered: 09/01/2009) |
| 09/01/2009 | 67 | MOTION to Dismiss *[Corrected] and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit A, # 2 Memorandum in Support filed Under Seal with The Court, # 3 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 09/01/2009) |

| 09/01/2009 | 68 | NOTICE *IPCom's Answer to Plaintiffs' Amended Declaratory Judgment Counterclaims* by IPCOM GMBH & CO., KG (Gavin, Geoffrey) (Entered: 09/01/2009) |
|---|---|---|
| 09/01/2009 | 69 | NOTICE *IPCom's Request for Judicial Notice In Support of (1) Motion to Dismiss and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses and (2) Motion to Dismiss HTC's Antitrust and Related Counterclaims* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C Part 1, # 4 Exhibit C Part 2, # 5 Exhibit C Part 3, # 6 Exhibit D Part 1, # 7 Exhibit D Part 2, # 8 Exhibit E Part 1, # 9 Exhibit E Part 2, # 10 Exhibit E Part 3, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J)(Gavin, Geoffrey) (Entered: 09/01/2009) |
| 09/01/2009 |  | MINUTE ORDER granting 65 Defendants' Motion for Leave to File Motion to Dismiss Under Seal. Signed by Judge Rosemary M. Collyer on 9/1/09. (lcrmc1) (Entered: 09/01/2009) |
| 09/01/2009 | 70 | NOTICE *of Filing Sealed Material* by IPCOM GMBH & CO., KG (Gavin, Geoffrey) (Entered: 09/01/2009) |
| 09/01/2009 | 71 | MOTION to Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses by IPCOM GMBH & CO., KG (See Docket Entry 67 to view document. Counsel is instructed to docket all parts of the motion in the future)(rdj) (Entered: 09/02/2009) |
| 09/01/2009 | 72 | SEALED DOCUMENT Brief in Support of Motion to Dismissand Strike HTCs Inequitable Conduct Counterclaims and Affirmative Defenses filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 09/02/2009) |
| 09/02/2009 |  | NOTICE OF CORRECTED DOCKET ENTRY: re 66 MOTION to Dismiss *and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses* was entered in error and counsel refiled said pleading as document 67 . (rdj) (Entered: 09/02/2009) |
| 09/03/2009 | 73 | MOTION for Leave to File *Under Seal IPCom's Motion to Dismiss HTC's Antitrust and Related Counterclaims* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 09/03/2009) |
| 09/03/2009 | 74 | MOTION for Leave to File *Under Seal IPCom's FRCP 44.1 Notice and Motion for Application of German Law and Brief in Support* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 09/03/2009) |
| 09/04/2009 | 75 | NOTICE *of Filing Sealed Material* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 09/04/2009) |
| 09/04/2009 | 76 | Joint MOTION to Amend/Correct *Scheduling Order (Dkt. 28)* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 09/04/2009) |
| 09/09/2009 |  | MINUTE ORDER granting 73 and 74 Defendants' Motions for Leave to File Documents Under Seal. Signed by Judge Rosemary M. Collyer on 9/9/09. |

| | | |
|---|---|---|
| | | (lcrmc1) (Entered: 09/09/2009) |
| 09/09/2009 | | MINUTE ORDER granting 61 , 62 , 63 , and 64 Motions for Leave to Appear Pro Hac Vice. S. Kameron Parvin, Susan A. Creighton, Sara Ciarelli Walsh, and Kara B. Kuritz are hereby admitted to practice and appear before this Court on behalf of Plaintiffs in this action. Signed by Judge Rosemary M. Collyer on 9/9/09. (lcrmc1) (Entered: 09/09/2009) |
| 09/09/2009 | | MINUTE ORDER granting 76 Joint Motion to Amend Scheduling Order. It is hereby ORDERED that the parties shall exchange a list of proposed claim terms no later than October 2, 2009; the parties shall exchange a list of preliminary proposed claim constructions no later than October 16, 2009, and; the parties shall exchange final proposed constructions and submit a joint claim construction statement no later than November 6, 2009. Signed by Judge Rosemary M. Collyer on 9/9/09. (lcrmc1) (Entered: 09/09/2009) |
| 09/10/2009 | 77 | SEALED MOTION to Dismiss HTC's Antitrust and Related Counterclaims filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(zrdj) (Entered: 09/10/2009) |
| 09/10/2009 | 78 | SEALED MOTION for Application of German Law and 44.1 Notice filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 09/10/2009) |
| 09/10/2009 | 79 | Unopposed MOTION for Extension of Time to *Respond to Motion to Dismiss* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(James, Jonathan) (Entered: 09/10/2009) |
| 09/11/2009 | | MINUTE ORDER denying 79 Plaintiffs' Motion for Extension of Time. Plaintiffs' Motion for Extension of Time is hereby DENIED for failure to provide good cause as required by Federal Rule of Civil Procedure 6(b) and as set forth in the Scheduling Order 28 , paragraph 19. Signed by Judge Rosemary M. Collyer on 9/11/09. (lcrmc1) (Entered: 09/11/2009) |
| 09/11/2009 | 80 | Unopposed MOTION for Extension of Time to *Respond to Motions to Dismiss with Showing of Good Cause [Resubmitted]* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration of John S. Skilton in Support of Stipulated Motion for Extension of Time, # 2 Text of Proposed Order, # 3 Certificate of Service)(Skilton, John) (Entered: 09/11/2009) |
| 09/14/2009 | 81 | NOTICE *Regarding HTC Corporation and HTC America, Inc.'s Resubmitted Stipulated Motion for Extension of Time to Respond to Motions to Dismiss With Showing of Good Cause* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Certificate of Service)(James, Jonathan) (Entered: 09/14/2009) |
| 09/15/2009 | | MINUTE ORDER granting 80 Plaintiff's Motion for Extension of Time nunc pro tunc to September 14, 2009. It is hereby ORDERED that Plaintiffs shall respond to Defendants' Motion to Dismiss and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses no later than September |



| | | 24, 2009, and Plaintiffs shall respond to Defendants' Motion to Dismiss HTC's Antitrust and Related Counterclaims and Defendants' Motion for Application of German Law no later than September 29, 2009. Signed by Judge Rosemary M. Collyer on 9/15/09. (lcrmc1) (Entered: 09/15/2009) |
|---|---|---|
| 09/15/2009 | 82 | ENTERED IN ERROR.....NOTICE of Appearance by Susan A. Creighton on behalf of all plaintiffs (Creighton, Susan) Modified on 9/16/2009 (rdj). (Entered: 09/15/2009) |
| 09/15/2009 | 83 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jonathan M. Jacobson, :Firm- Wilson Sonsini Goodrich & Rosati, :Address- 1301 Avenue of the Americas, New York, NY 10019. Phone No. - 212-999-5800. Fax No. - 212-999-5899 by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Creighton, Susan) (Entered: 09/15/2009) |
| 09/16/2009 | | NOTICE OF CORRECTED DOCKET ENTRY: re 82 Notice of Appearance was entered in error and and counsel is instructed to refile said pleading using their assigned password/login. ( Refer to LCvR 5.4(b) ) (rdj) (Entered: 09/16/2009) |
| 09/17/2009 | 84 | NOTICE of Appearance by Scott A. Sher on behalf of all plaintiffs (Sher, Scott) (Entered: 09/17/2009) |
| 09/18/2009 | | MINUTE ORDER granting 83 Motion for Leave to Appear Pro Hac Vice. Jonathan M. Jacobson is hereby admitted to practice and appear before this Court on behalf of Plaintiffs in this action. Signed by Judge Rosemary M. Collyer on 9/18/09. (lcrmc1) (Entered: 09/18/2009) |
| 09/24/2009 | 86 | MOTION for Leave to File *Under Seal Memorandum of Points and Authorities in Opposition to IPComs Motion to Dismiss and Strike HTCs Inequitable Conduct Counterclaims and Seventh and Eighth Affirmative Defenses Concerning the 830 and 751 Patents and Declaration in Support* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service) (Oblon, Michael) (Entered: 09/24/2009) |
| 09/24/2009 | 87 | SEALED Memorandum of Points and Authorities in Opposition to IPComs Motion to Dismiss and Strike HTCs Inequitable Conduct Counterclaims and Seventh and Eighth Affirmative Defenses Concerning the 830 and 751 Patents and Declaration in Support filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Michael Oblon, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(zrdj) (Entered: 09/28/2009) |
| 09/25/2009 | | MINUTE ORDER granting 86 Plaintiffs' Motion for Leave to File Under Seal nunc pro tunc to September 24, 2009. Signed by Judge Rosemary M. Collyer on 9/25/09. (lcrmc1) (Entered: 09/25/2009) |
| 09/29/2009 | 88 | MOTION for Leave to File *Documents Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order, # 2 Notice of Filing Sealed Material, # 3 Certificate of |

| | | |
|---|---|---|
| | | Service)(Oblon, Michael) (Entered: 09/29/2009) |
| 09/30/2009 | 89 | Unopposed MOTION for Leave to File *Corrected Brief* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Oblon, Michael) (Entered: 09/30/2009) |
| 09/30/2009 | 90 | MOTION for Leave to File *Document Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 09/30/2009) |
| 10/05/2009 | 91 | MOTION for Leave to File *Document Under Seal* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 10/05/2009) |
| 10/05/2009 | 92 | NOTICE *Of Filing Sealed Material IPCom's Reply Brief in Support of Motion to Dismiss and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses* by IPCOM GMBH & CO., KG (Gavin, Geoffrey) (Entered: 10/05/2009) |
| 10/06/2009 | | MINUTE ORDER granting 88 and 90 Plaintiffs' Motions for Leave to File Under Seal; granting 89 Plaintiffs' Motion for Leave to File Corrected Brief, and; granting 91 Defendants' Motion for Leave to File Under Seal. Signed by Judge Rosemary M. Collyer on 10/6/09. (lcrmc1) (Entered: 10/06/2009) |
| 10/06/2009 | 93 | SEALED Opposition to IPComs Motion to Dismiss Antitrust and RelatedCounterclaims filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 10/08/2009) |
| 10/06/2009 | 94 | SEALED Opposition to IPComs FRCP 44.1 Notice and Motion for Application ofGerman Law, filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 10/08/2009) |
| 10/06/2009 | 96 | SEALED Opposition to IPComs Motion to Dismiss Antitrust and RelatedCounterclaims [Corrected] filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 10/08/2009) |
| 10/06/2009 | 97 | SEALED Reply Brief in Support of Motion to Dismiss and Strike HTC's Inequitable Conduct Counterclaims and Affirmative Defenses filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(zrdj) (Entered: 10/08/2009) |
| 10/08/2009 | 95 | SEALED MOTION to Strike the Declaration of Dr. WolfgangKellenter filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Michael A. Oblon exhibit 1, # 2 Declaration of Michael A. Oblon Exhibit 2, # 3 Declaration of Michael A. Oblon Exhibit 3, # 4 Declaration of Michael A. Oblon Exhibit 4, # 5 Exhibit of Michael A. Oblon |

| | | |
|---|---|---|
| | | Exhibit 5, # 6 Declaration Dr. Robert G. Harris, # 7 Declaration Peter Meyer, # 8 Certificate of Service)(zrdj) (Entered: 10/08/2009) |
| 10/09/2009 | 98 | MOTION for Leave to File *Document Under Seal [IPCom's Brief in Reply to HTC's Opposition to IPCom's FRCP 44.1 Notice and Motion for Application of German Law]* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 10/09/2009) |
| 10/09/2009 | 99 | NOTICE *of Filing Sealed Material [IPcom's Brief in Reply to HTC's Opposition to IPCom's FRCP 44.1 Notice and Motion for Application of German Law]* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 10/09/2009) |
| 10/09/2009 | | MINUTE ORDER granting 98 the Motion for Leave to File IPCOM's reply brief in support of motion to dismiss under seal. Signed by Judge Rosemary M. Collyer on 10/9/09. (KD) (Entered: 10/09/2009) |
| 10/09/2009 | 100 | MOTION for Leave to File *Document Under Seal [IPCom's Reply in Support of Its Motion to Dismiss HTC's Antitrust and Related Counterclaims]* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order) (Stockwell, Mitchell) (Entered: 10/09/2009) |
| 10/09/2009 | 101 | NOTICE *of Filing Sealed Material [IPCom's Reply Brief in Support of Its Motion to Dismiss HTC's Antitrust and Related Counterclaims]* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 10/09/2009) |
| 10/09/2009 | 102 | Joint MOTION to Amend/Correct *Scheduling Order Regarding Deadline for Parties to Exchange Preliminary Proposed Claim Constructions* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(James, Jonathan) (Entered: 10/09/2009) |
| 10/09/2009 | 103 | SEALED Brief in Reply to HTC's Opposition to IPCom's FRCP 44.1 Notice and Motion for Application of German Law filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 10/13/2009) |
| 10/13/2009 | 104 | MOTION for Leave to File *IPCom's Brief in Opposition to HTC's Motion to Strike the Declaration of Dr. Wolfgang Kellenter Under Seal* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 10/13/2009) |
| 10/13/2009 | 105 | NOTICE *of Filing Sealed Material (IPCom's Brief in Opposition to HTC's Motion to Strike the Declaration of Dr. Wolfgang Kellenter)* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 10/13/2009) |
| 10/14/2009 | | MINUTE ORDER granting 100 and 104 Defendants' Motions for Leave to File Documents Under Seal. Signed by Judge Rosemary M. Collyer on 10/14/09. (lcrmc1) (Entered: 10/14/2009) |
| 10/14/2009 | | MINUTE ORDER granting 102 Joint Motion to Amend Scheduling Order. It is hereby ORDERED that the parties shall exchange preliminary proposed claim constructions no later than October 22, 2009. Signed by Judge Rosemary M. Collyer on 10/14/09. (lcrmc1) (Entered: 10/14/2009) |

| 10/14/2009 | | MINUTE ORDER granting 38 Motion to Withdraw as Attorney. Attorney Jack Quinton Lever, Jr. terminated. Signed by Judge Rosemary M. Collyer on 10/14/09. (lcrmc1) (Entered: 10/14/2009) |
|---|---|---|
| 10/14/2009 | 106 | SEALED Reply Brief in Support of Its Motion to Dismiss HTC's Antitrust and Related Counterclaims filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 10/14/2009) |
| 10/14/2009 | 107 | SEALED Brief in Opposition to HTC's Motion to Strike the Declaration of Dr. Wolfgang Kellenter filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 10/14/2009) |
| 10/14/2009 | 108 | MOTION for Leave to File *Document Under Seal* by HTC CORPORATION, HTC AMERICA, INC. (Skilton, John) (Additional attachment(s) added on 10/16/2009: # 1 Text of Proposed Order) (rdj, ). (Entered: 10/14/2009) |
| 10/14/2009 | 109 | NOTICE *of Filing Sealed Material* by HTC CORPORATION, HTC AMERICA, INC. re 108 MOTION for Leave to File *Document Under Seal* (Skilton, John) (Entered: 10/14/2009) |
| 10/15/2009 | 110 | Memorandum in opposition to re 108 MOTION for Leave to File *Document Under Seal IPCom's Response to HTC's Motion for Oral Argument or, In the Alternative, Permission to Submit a Surreply Brief* filed by IPCOM GMBH & CO., KG. (Gavin, Geoffrey) (Entered: 10/15/2009) |
| 10/20/2009 | 111 | MOTION for Leave to File *UNDER SEAL HTC's Motion to Downgrade and Permit Limited Disclosure of Information Claimed to be "Highly Confidential" or, in the Alternative, to Modify Protective Order* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service) (Oblon, Michael) (Entered: 10/20/2009) |
| 10/20/2009 | | MINUTE ORDER granting 108 Plaintiffs' Motion for Leave to File Under Seal. It is hereby ORDERED that Plaintiffs may file under seal a surreply of no more than 15 pages. The Court has not yet determined whether to set oral arguments on Defendant's motion to dismiss. Signed by Judge Rosemary M. Collyer on 10/20/09. (lcrmc1) (Entered: 10/20/2009) |
| 10/20/2009 | | MINUTE ORDER granting 111 Plaintiffs' Motion for Leave to File Under Seal. Plaintiffs may file under seal their motion to downgrade and permit limited disclosure of information or to modify protective order. Signed by Judge Rosemary M. Collyer on 10/20/09. (lcrmc1) (Entered: 10/20/2009) |
| 10/20/2009 | 112 | SEALED MOTION for Oral Argument on IPCOM's Motion to Dismiss and Motion to Apply German Law or, In the Alternative, for Permission to Submit a Surreply Brief filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 10/21/2009) |
| 10/20/2009 | 113 | SEALED MOTION to Downgrade and Permit Limited Disclosure of Information Claimed to be "Highly Confidential" or, in the Alternative, to |

| | | |
|---|---|---|
| | | Modify Protective Order filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Declaration Michael A. Oblon, # 3 Declaration of Oblon Exhibit 1, # 4 Declaration of Oblon Exhibit 2, # 5 Declaration of Oblon Exhibit 3, # 6 Declaration of Oblon Exhibit 4, # 7 Declaration of Oblon Exhibit 5, # 8 Declaration of Oblon Exhibit 6, # 9 Certificate of Service, # 10 Text of Proposed Order)(zrdj) (Entered: 10/21/2009) |
| 10/23/2009 | 114 | MOTION for Leave to File *Under Seal HTC's Reply Brief in Support of HTC's Motion to Strike the Declaration of Dr. Wolfgang Kellenter* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service) (Oblon, Michael) (Entered: 10/23/2009) |
| 10/26/2009 | | MINUTE ORDER granting 114 Plaintiffs' Motion for Leave to File Reply Brief Under Seal. Signed by Judge Rosemary M. Collyer on 10/26/09. (lcrmc1) (Entered: 10/26/2009) |
| 10/26/2009 | 115 | SEALED Reply Brief in Support of HTC's Motion to Strike the Declaration of Dr. Wolfgang Kellenter filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 10/27/2009) |
| 10/27/2009 | 116 | MOTION for Leave to File *Under Seal HTC's Surreply Brief in Opposition to IPCom's Motion to Dismiss HTC's Antitrust and Related Counterclaims and Motion for Application of German Law* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service)(Oblon, Michael) (Entered: 10/27/2009) |
| 10/28/2009 | 117 | TRANSCRIPT OF PROCEEDINGS before Judge Rosemary M. Collyer held on April 7, 2009; Page Numbers: 1-17. Date of Issuance:6/18/09. Court Reporter/Transcriber Crystal M. Pilgrim, Telephone number Crystal Pilgrim, Court Reporter Email Address : crystal_pilgrim@dcd.uscourts.gov.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 11/18/2009. Redacted Transcript Deadline set for 11/30/2009. Release of Transcript Restriction set for 1/26/2010.(Pilgrim, |

| | | |
|---|---|---|
| | | Crystal) (Entered: 10/28/2009) |
| 10/29/2009 | | VACATED PER COURT'S ORDER OF 11/2/09..........MINUTE ORDER denying 116 Plaintiff's Motion for Leave to File Surreply inasmuch as the Court has not yet ruled on 112 Plaintiffs' Motion for Oral Argument or, in the Alternative, for Permission to Submit a Surreply. Signed by Judge Rosemary M. Collyer on 10/29/09. (lcrmc1) Modified on 11/5/2009 (cdw). (Entered: 10/29/2009) |
| 10/30/2009 | 118 | MOTION Clarification of Minute Orders by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Certificate of Service)(Skilton, John) (Entered: 10/30/2009) |
| 10/30/2009 | 119 | Unopposed MOTION for Extension of Time to File *Response to Motion to Downgrade and Permit Limited Disclosure of Information Claimed to be "Highly Confidential" or, In the Alternative, to Modify Protective Order* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order) (Stockwell, Mitchell) (Entered: 10/30/2009) |
| 11/02/2009 | | MINUTE ORDER granting 118 Plaintiff's Motion for Clarification and VACATING the Court's October 29, 2009 Minute Order denying 116 Plaintiffs' Motion for Leave to File Under Seal. On October 20, 2009, the Court granted 108 Plaintiffs' Motion to File a Surreply Under Seal, stating: "It is hereby ORDERED that Plaintiffs may file under seal a surreply of no more than 15 pages. The Court has not yet determined whether to set oral arguments on Defendant's motion to dismiss." On October 27, 2009, Plaintiffs filed 116 a Motion for Leave to File Surreply Under Seal. The confusion lies in the fact that the Court had already granted leave to file a surreply under seal. Accordingly, the Court denied 116 by Minute Order dated October 29, 2009; however, that Minute Order is hereby VACATED and the October 20, 2009 Minute Order stands. Plaintiff shall file a surreply of no more than 15 pages under seal no later than November 4, 2009. Signed by Judge Rosemary M. Collyer on 11/2/09. (lcrmc1) (Entered: 11/02/2009) |
| 11/02/2009 | 120 | SEALED Surreply Brief in Opposition to IPCom's Motion to Dismiss HTC's Antitrust and Related Counterclaims and Motion for Application of German Law filed by HTC CORPORATION, HTC AMERICA, INC.. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 11/02/2009) |
| 11/02/2009 | | MINUTE ORDER granting 119 Defendant's Motion for Extension of Time. It is hereby ORDERED that Defendant shall file a response to Plaintiff's Motion to Downgrade, etc., no later than November 13, 2009. Signed by Judge Rosemary M. Collyer on 11/2/09. (lcrmc1) (Entered: 11/02/2009) |
| 11/02/2009 | | Set/Reset Deadlines: Response to Motion to Downgrade due by 11/13/2009. (cdw) (Entered: 11/05/2009) |
| 11/04/2009 | 121 | NOTICE *of Filing Sealed Material (HTC's Surreply Brief in Opposition to IPCom's Motion to Dismiss HTCs Antitrust and Related Counterclaims and Motion for Application of German Law)* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Certificate of Service)(Skilton, John) (Entered: 11/04/2009) |

| 11/04/2009 | 122 | Unopposed MOTION to Amend/Correct *Scheduling Order Regarding Claim Construction Deadlines* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(James, Jonathan) (Entered: 11/04/2009) |
| 11/10/2009 | | MINUTE ORDER granting 122 Motion to Amend Scheduling Order nunc pro tunc to November 6, 2009. It is hereby ORDERED that the parties shall exchange final proposed constructions and submit a joint claim construction no later than November 13, 2009; the parties shall file opening Markman briefs no later than November 24, 2009, and; the parties shall file responsive Markman briefs no later than December 22, 2009. Signed by Judge Rosemary M. Collyer on 11/10/09. (lcrmc1) (Entered: 11/10/2009) |
| 11/10/2009 | | Set/Reset Deadlines/Hearings: Opening Markman Briefs due by 11/24/2009. Responsive Markman Briefs due by 12/22/2009. (cdw) (Entered: 11/16/2009) |
| 11/13/2009 | 123 | MOTION for Leave to File *Document Under Seal [IPCom's Brief in Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and, In the Alternative, Cross-Motion for Reciprocal Relief"* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 11/13/2009) |
| 11/13/2009 | 124 | NOTICE *of Filing Sealed Material [IPCom's Brief in Opposition to HTC's Motion to Downgrade]* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 11/13/2009) |
| 11/13/2009 | 125 | *Joint Claim Construction Chart* PERIODIC REPORT by USA by HTC CORPORATION, HTC AMERICA, INC.. (Oblon, Michael) (Entered: 11/13/2009) |
| 11/16/2009 | | MINUTE ORDER granting 123 Defendant's Motion for Leave to File Brief in Opposition Under Seal. Signed by Judge Rosemary M. Collyer on 11/16/09. (lcrmc1) (Entered: 11/16/2009) |
| 11/16/2009 | 128 | SEALED Brief in Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and, In the Alternative, Cross-Motion for Reciprocal Relief" filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A - C)(zrdj) (Entered: 11/17/2009) |
| 11/17/2009 | 126 | MOTION for Leave to File *IPCom's Corrected Brief in Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and, In the Alternative, Cross-Motion for Reciprocal Relief"* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 11/17/2009) |
| 11/17/2009 | 127 | NOTICE *of Filing Sealed Material (IPCom's Corrected Brief in Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and, In the Alternative, Cross-Motion for Reciprocal Relief"* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 11/17/2009) |

| | | |
|---|---|---|
| 11/18/2009 | 129 | Unopposed MOTION for Extension of Time to *Respond to IPCom's Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and to IPCom's Cross-Motion for Reciprocal Relief* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service) (James, Jonathan) (Entered: 11/18/2009) |
| 11/18/2009 | | MINUTE ORDER granting 129 Plaintiffs' Motion for Extension of Time. It is hereby ORDERED that Plaintiffs shall file any reply re their motion to downgrade and any opposition to Defendant's cross-motion no later than December 3, 2009. Signed by Judge Rosemary M. Collyer on 11/18/09. (lcrmc1) (Entered: 11/18/2009) |
| 11/18/2009 | | Set/Reset Deadlines/Hearings: Plaintiff response to Cross Motions due by 12/3/2009. Plaintiff's reply due by 12/3/2009. (cdw) (Entered: 11/19/2009) |
| 11/19/2009 | 130 | Joint MOTION for Leave to File Excess Pages *in Markman Briefs* by HTC CORPORATION, HTC AMERICA, INC. (Attachments: # 1 Text of Proposed Order)(James, Jonathan) (Entered: 11/19/2009) |
| 11/23/2009 | | MINUTE ORDER granting 130 the parties' joint Motion for Leave to File Excess Pages. Signed by Judge Rosemary M. Collyer on 11/23/09. (KD) (Entered: 11/23/2009) |
| 11/24/2009 | 131 | RESPONSE TO ORDER OF THE COURT re Order on Motion to Amend/Correct, *IPCom's Opening Claim Construction Brief* filed by IPCOM GMBH & CO., KG. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, Part A, # 6 Exhibit 5, Part B, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, Part A, # 10 Exhibit 8, Part B, # 11 Exhibit 9, Part A, # 12 Exhibit 9, Part B, # 13 Exhibit 9, Part C, # 14 Exhibit 100, # 15 Exhibit 101, # 16 Exhibit 102, # 17 Exhibit 103, # 18 Exhibit 104, # 19 Exhibit 105, # 20 Exhibit 106, # 21 Exhibit 107, # 22 Exhibit 108, # 23 Exhibit 109, # 24 Exhibit 110, # 25 Exhibit 111, # 26 Exhibit 112, # 27 Exhibit 113, # 28 Exhibit 114, # 29 Exhibit 115, # 30 Exhibit 116, # 31 Exhibit 117, # 32 Exhibit 118, # 33 Exhibit 119, # 34 Exhibit 120, # 35 Exhibit 121, # 36 Exhibit 122, # 37 Exhibit 123, # 38 Exhibit 124, # 39 Exhibit 125, # 40 Exhibit 126, # 41 Exhibit 127, # 42 Exhibit 128, # 43 Exhibit 129, # 44 Exhibit 130, # 45 Exhibit 131, # 46 Exhibit 132, # 47 Exhibit 133, # 48 Exhibit 134, # 49 Exhibit 135, # 50 Exhibit 136, # 51 Exhibit 137, # 52 Exhibit 138, # 53 Exhibit 139, # 54 Exhibit 140, # 55 Exhibit 141, # 56 Exhibit 142, # 57 Appendix of Exhibits Volume 1)(Stockwell, Mitchell) (Entered: 11/24/2009) |
| 11/24/2009 | 132 | MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Affidavit Declaration of Michael Oblon, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D (Part 1), # 6 Exhibit Exhibit D (Part 2), # 7 Exhibit Exhibit E (Part 1), # 8 Exhibit Exhibit E (Part 2), # 9 Exhibit Exhibit F, # 10 Exhibit Exhibit G, # 11 Exhibit Exhibit H, # 12 Affidavit Expert Declaration of Christopher Rose, Ph.D., # 13 Text of Proposed Order, # 14 Certificate of Service)(Oblon, Michael) (Entered: |

| | | 11/24/2009) |
|---|---|---|
| 11/30/2009 | 133 | ENTERED IN ERROR.....NOTICE *of Errata Regarding HTC's Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. Section 112* by HTC AMERICA, INC., HTC CORPORATION (Oblon, Michael) Modified on 12/1/2009 (rdj). (Entered: 11/30/2009) |
| 11/30/2009 | 134 | ENTERED IN ERROR.....MOTION to Amend/Correct 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* by HTC AMERICA, INC., HTC CORPORATION (Oblon, Michael) Modified on 12/1/2009 (rdj). (Entered: 11/30/2009) |
| 12/01/2009 | | NOTICE OF CORRECTED DOCKET ENTRY: re 133 Notice of Errata , 134 MOTION to Amend/Correct 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* MOTION to Amend/Correct 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* was entered in error and counsel was instructed to refile said pleading. (rdj) (Entered: 12/01/2009) |
| 12/02/2009 | 135 | ERRATA *Regarding HTC's Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112, Para. 2* by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Errata)(Oblon, Michael) (Entered: 12/02/2009) |
| 12/03/2009 | 136 | MOTION for Leave to File *Documents Under Seal (Reply Brief in Support of HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and Brief in Opposition to IPCom's Cross-Motion for Reciprocal Relief, Declaration of Jonathan M. James and Declaration of Dr. Peter Meyer)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Notice of Filing Sealed Materials, # 2 Certificate of Service)(Oblon, Michael) (Entered: 12/03/2009) |
| 12/03/2009 | 137 | MEMORANDUM OPINION. Signed by Judge Rosemary M. Collyer on 12/3/09. (lcrmc1) (Entered: 12/03/2009) |
| 12/03/2009 | 138 | ORDER granting in part and denying in part 67 Defendant's Motion to Dismiss. Defendant's motion is granted as to the '216 and '830 Patents, and is denied as to the '751 Patent. See accompanying Memorandum Opinion for details. Signed by Judge Rosemary M. Collyer on 12/3/09. (lcrmc1) (Entered: 12/03/2009) |
| 12/04/2009 | 139 | Joint MOTION for Extension of Time to File Response/Reply as to 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112 and Confirmation of Response Date* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 12/04/2009) |
| 12/07/2009 | | MINUTE ORDER granting 126 Defendant's Motion for Leave to File Under Seal Corrected Brief in Opposition; granting 136 Plaintiffs' Motion for Leave |

|  |  | to File Under Seal; and granting 139 Joint Motion for Extension of Time. It is hereby ORDERED that Defendant shall file a response to Plaintiffs' Opening Claim Construction Brief and Motion for Summary Judgment no later than December 22, 2009, and Plaintiffs shall file any reply no later than January 11, 2010. Signed by Judge Rosemary M. Collyer on 12/7/09. (lcrmc1) (Entered: 12/07/2009) |
|---|---|---|
| 12/07/2009 | 140 | SEALED Corrected Brief in Opposition to HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and, In the Alternative, Cross-Motion for Reciprocal Relief filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibits A - G)(zrdj) (Entered: 12/08/2009) |
| 12/07/2009 | 141 | SEALED Reply Brief in Support of HTC's Motion to Downgrade and Permit Disclosure of "Highly Confidential" Information or Modify Protective Order and Brief in Opposition to IPCom's Cross-Motion for Reciprocal Relief, Declaration of Jonathan M. James and Declaration of Dr. Peter Meyer filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Jonathan M. James, # 2 Declaration of Dr. Peter Meyer)(zrdj) (Entered: 12/08/2009) |
| 12/07/2009 |  | Set/Reset Deadlines/Hearings: Response to Opening Claim Construction Brief due by 12/22/2009. Response to Motion for Summary Judgment due by 12/22/2009. Reply to Motion for Summary Judgment due by 1/11/2010. (cdw) (Entered: 12/10/2009) |
| 12/08/2009 | 142 | MOTION for Leave to File *Sur-Reply* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 12/08/2009) |
| 12/14/2009 | 143 | MOTION for Leave to File, MOTION for Extension of Time to File Response/Reply by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 12/14/2009) |
| 12/15/2009 |  | MINUTE ORDER granting 142 IPCom's Motion for Leave to File Surreply and 143 IPCom's Motion for Extension of Time and Leave to File Under Seal. It is hereby ORDERED that no later than December 15, 2009, Defendant IPCom GMBH & Co., KG, shall file UNDER SEAL a reply to its Cross-Motion for Reciprocal Relief, including any sur-reply arguments to Plaintiffs' Motion to Downgrade or to Modify the Protective Order. Signed by Judge Rosemary M. Collyer on 12/15/09. (lcrmc1) (Entered: 12/15/2009) |
| 12/15/2009 | 144 | NOTICE *of Filing Sealed Material (IPCom's Reply to HTC's Brief in Opposition to IPCom's Cross-Motion for Reciprocal Relief)* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 12/15/2009) |
| 12/15/2009 | 145 | SEALED Reply to HTC's Brief in Opposition to IPCom's Cross-Motion for Reciprocal Relief filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 12/16/2009) |
|  |  |  |

| 12/18/2009 | 146 | ORDER denying 95 Plaintiffs' Motion to Strike the Declaration of Dr. Wolfgang Kellenter. No later than January 15, 2010, the parties shall file any additional materials necessary to assist the Court in determining what is the German law relevant to this dispute and what is the policy underlying it. Furthermore, Plaintiffs, after requiring such experts to sign a copy of "Undertaking B" as described in 41 the June 11, 2009, Protective Order, may share unredacted versions of Mr. Kellenter's declaration and Plaintiffs' Counterclaims with attorney Peter Meyer or any German law expert retained by Plaintiffs who is not a member of Lovells, Inc. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 12/18/09. (lcrmc1) (Entered: 12/18/2009) |
| --- | --- | --- |
| 12/21/2009 | 148 | Joint MOTION to Amend/Correct *Scheduling Order Regarding Deadline to File Responsive Markman Briefs* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Text of Proposed Order)(Oblon, Michael) (Entered: 12/21/2009) |
| 12/23/2009 | 149 | Unopposed MOTION for Leave to File *Reply to HTC's Responsive Claim Construction Brief* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 12/23/2009) |
| 12/23/2009 | 150 | RESPONSE re 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* filed by IPCOM GMBH & CO., KG. (Attachments: # 1 Appendix, # 2 Exhibit 10, # 3 Exhibit 143, # 4 Exhibit 144 - Not Used - Intentionally Omitted, # 5 Exhibit 145, # 6 Exhibit 146, # 7 Exhibit 147, # 8 Exhibit 148, # 9 Exhibit 149, # 10 Exhibit 150, # 11 Exhibit 151, # 12 Exhibit 152, # 13 Exhibit 153, # 14 Exhibit 154, # 15 Exhibit 155, # 16 Exhibit 156, # 17 Exhibit 157, # 18 Exhibit 158, # 19 Exhibit 159, # 20 Exhibit 160A, # 21 Exhibit 160B, # 22 Exhibit 161, # 23 Exhibit 162, # 24 Exhibit 163)(Gavin, Geoffrey) (Entered: 12/23/2009) |
| 12/23/2009 | 151 | RESPONSE re 131 Response to Order of the Court,,,,, *HTCs Responsive Claim Construction Brief* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Declaration Declaration of Michael A. Oblon in Support of HTCs Responsive Claim Construction Brief, # 2 Exhibit A (Part 1), # 3 Exhibit A (Part 2), # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Declaration Response Expert Declaration of Christopher Rose, Ph.D., # 11 Exhibit Rose Declaration Exhibit A, # 12 Exhibit Rose Declaration Exhibit B, # 13 Certificate of Service)(Oblon, Michael) (Entered: 12/23/2009) |
| 12/23/2009 | 152 | MOTION to Strike *the Declaration of Dr. Christopher Rose, Ph.D.* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 12/23/2009) |
| 12/28/2009 | | MINUTE ORDER granting 148 Plaintiffs' Motion to Amend nunc pro tunc to December 22, 2009, and granting 149 Defendant's Motion for Leave to File Reply. Plaintiffs shall file their responsive claim construction ("Markman") brief no later than December 23, 2009; Defendant shall file any reply to Plaintiff's responsive claim construction brief no later than January 11, 2010. Signed by Judge Rosemary M. Collyer on 12/28/09. (lcrmc1) (Entered: |

| | | 12/28/2009 |
|---|---|---|
| 12/28/2009 | | Set/Reset Deadlines: Reply to Plaintiff's responsive claim construction brief due by 1/11/2010. (tth) (Entered: 12/30/2009) |
| 01/05/2010 | 153 | ORDER. The parties are to jointly select the fifteen (15) most critical words/phrases/terms that actually need to be addressed at the Markman hearing and individually may select 5 additional words/phrases/terms on which they are unable to reach agreement. The parties then must submit statements of the reasons they seek the particular claims constructions that they propose as to these selected terms. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 1/5/10. (lcrmc1) (Entered: 01/05/2010) |
| 01/05/2010 | | Set/Reset Deadlines: Response to Court's order of 1/5/10 due by 1/18/2010. (cdw) (Entered: 01/07/2010) |
| 01/11/2010 | 154 | REPLY *Claim Construction Brief* filed by IPCOM GMBH & CO., KG. (Attachments: # 1 Exhibit 164, # 2 Exhibit 165, # 3 Exhibit 166, # 4 Exhibit 167)(Gavin, Geoffrey) (Entered: 01/11/2010) |
| 01/11/2010 | 155 | Memorandum in opposition to re 152 MOTION to Strike *the Declaration of Dr. Christopher Rose, Ph.D.* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Exhibit 1 (Part 1), # 2 Exhibit 1 (Part 2), # 3 Exhibit 2, # 4 Certificate of Service)(Oblon, Michael) (Entered: 01/11/2010) |
| 01/11/2010 | 156 | REPLY to opposition to motion re 132 MOTION for Summary Judgment *Opening Claim Construction Brief and Motion for Summary Judgment of Invalidity Under 35 U.S.C. 112* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Declaration of Michael A. Oblon, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H (Part 1), # 10 Exhibit H (Part 2), # 11 Exhibit H (Part 3), # 12 Exhibit H (Part 4), # 13 Exhibit H (Part 5), # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Certificate of Service)(Oblon, Michael) (Entered: 01/11/2010) |
| 01/15/2010 | 157 | MOTION for Leave to File *Document under Seal (IPCom's Response to December 18, 2009 ORder of the Court Requesting Materials On German Law)* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 01/15/2010) |
| 01/15/2010 | 158 | MOTION for Leave to File *HTC's Supplemental Brief Regarding German Law and Declaration of Dr. Peter Meyer (with Exhibits A-D) Under Seal* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service) (Skilton, John) (Entered: 01/15/2010) |
| 01/15/2010 | 161 | NOTICE of Appearance by Shannon M. Bloodworth on behalf of HTC AMERICA, INC., HTC CORPORATION (znmw, ) (Entered: 01/19/2010) |
| 01/18/2010 | 159 | RESPONSE TO ORDER OF THE COURT re 153 Order,, *Joint Statement* |

| | | |
|---|---|---|
| | | *Regarding Proposed Claim Terms to be Addressed at the Markman Hearing* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Oblon, Michael) (Entered: 01/18/2010) |
| 01/19/2010 | 160 | NOTICE *of Filing Sealed Material (IPCom's Response to December 18, 2009 Order of the Court Requesting Materials on German Law)* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 01/19/2010) |
| 01/20/2010 | | MINUTE ORDER granting 157 IPCom's Motion for Leave to File Under Seal and granting 158 HTC's Motion for Leave to File Under Seal. From this date forward, the parties need not file motions for leave to file under seal but may file any pleading or other document they believe to be covered by the protective orders under seal without first seeking leave. Signed by Judge Rosemary M. Collyer on 1/20/10. (lcrmc1) (Entered: 01/20/2010) |
| 01/20/2010 | 162 | SEALED DOCUMENT filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(zrdj) (Entered: 01/20/2010) |
| 01/20/2010 | 163 | SEALED DOCUMENT filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Dr. Peter Meyer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(zrdj) (Entered: 01/20/2010) |
| 01/21/2010 | 164 | REPLY to opposition to motion re 152 MOTION to Strike *the Declaration of Dr. Christopher Rose, Ph.D.* filed by IPCOM GMBH & CO., KG. (Gavin, Geoffrey) (Entered: 01/21/2010) |
| 01/26/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Tutorial Hearing held on 1/26/2010. (Court Reporter: Crustal Pilgrim) (cdw) (Entered: 01/29/2010) |
| 02/02/2010 | 165 | MOTION for Leave to File *Under Seal HTC's Motion for Leave to File Supplement to the Record* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Text of Proposed Order, # 2 Notice of Filing Sealed Material, # 3 Certificate of Service)(Oblon, Michael) (Entered: 02/02/2010) |
| 02/03/2010 | | MINUTE ORDER granting 165 Plaintiffs' Motion for Leave to File Documents Under Seal. The Court directs counsels' attention to the Minute Order dated January 20, 2010, by which the Court notified the parties that they no longer should seek leave in order to file documents under seal. Signed by Judge Rosemary M. Collyer on 2/3/10. (lcrmc1) (Entered: 02/03/2010) |
| 02/03/2010 | 166 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Paul S. Metsch, :Firm- Solomon Ward Seidenwurm & Smith, LLP, :Address- pmetsch@swsslaw.com. Phone No. - 619-231-0303. Fax No. - 619-231-4755 by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Baskin, Stephen) (Entered: 02/03/2010) |
| 02/03/2010 | 167 | SEALED MOTION filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 02/04/2010) |

| 02/12/2010 | | MINUTE ORDER denying 152 Defendant's Motion to Strike Declaration of Dr. Rose. Signed by Judge Rosemary M. Collyer on 2/12/10. (lcrmc1) (Entered: 02/12/2010) |
|---|---|---|
| 02/13/2010 | 168 | NOTICE *of Filing of Additional Evidence in Further Support of Claim Construction* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gavin, Geoffrey) (Entered: 02/13/2010) |
| 02/13/2010 | 169 | NOTICE *of Filing Corrected Exhibit No. 153 to IPCom's Responsive Claim Construction Brief and Opposition to HTC's Motion for Summary Judgment* by IPCOM GMBH & CO., KG (Attachments: # 1 Exhibit 153 (Corrected)) (Gavin, Geoffrey) (Entered: 02/13/2010) |
| 02/16/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Markman Hearing held on 2/16/2010. (Court Reporter Crystal Pilgrim) (cdw) (Entered: 02/19/2010) |
| 02/22/2010 | 170 | SEALED MEMORANDUM OPINION (This document is SEALED and only available to authorized persons.)Signed by Judge Rosemary M. Collyer on February 2, 2010.(zcdw) (Entered: 02/22/2010) |
| 02/22/2010 | 171 | SEALED ORDER re 47 , 113 (This document is SEALED and only available to authorized persons.)Signed by Judge Rosemary M. Collyer on February 2, 2010.(zcdw) (Entered: 02/22/2010) |
| 03/11/2010 | | MINUTE ORDER granting 166 Motion for Leave to Appear Pro Hac Vice. Paul S. Metsch is hereby admitted to appear and practice before this Court on behalf of Defendant in this matter. Signed by Judge Rosemary M. Collyer on 3/11/10. (lcrmc1) (Entered: 03/11/2010) |
| 03/22/2010 | | MINUTE ORDER setting telephone conference with the Court on March 24, 2010 at 4:30 p.m. The parties shall file their briefs and declarations for the Court's consideration at the telephone conference no later than 4:30 p.m. EST on March 23, 2010. Signed by Judge Rosemary M. Collyer on 3/22/10. (KD) (Entered: 03/22/2010) |
| 03/22/2010 | 172 | Unopposed MOTION for Extension of Time to *and Motion for Clarification* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order) (Stockwell, Mitchell) (Entered: 03/22/2010) |
| 03/22/2010 | 173 | Joint MOTION for Protective Order by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order Stipulation for Supplemental Protective Order Governing Discovery From Non-Party Qualcomm in this Case; and [Proposed] Order)(Stockwell, Mitchell) (Entered: 03/22/2010) |
| 03/23/2010 | 174 | MOTION for Leave to File *Documents Under Seal (Supplemental Brief Regarding Court Order of Feb. 22, 2010 and Declarations in Support)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Notice of Filing Sealed Material, # 2 Text of Proposed Order, # 3 Certificate of Service) (Skilton, John) (Entered: 03/23/2010) |
| 03/23/2010 | 175 | NOTICE *of Filing Sealed Material [Brief in Support of Motion for Clarification or, Alternatively Partial Reconsideration]* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 03/23/2010) |

| 03/23/2010 | 176 | SEALED DOCUMENT filed by IPCOM GMBH & CO., KG. re #175 Notice filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration 1, # 4 Declaration 2)(zrdj) (Entered: 03/24/2010) |
| --- | --- | --- |
| 03/24/2010 | | MINUTE ORDER granting 174 Plaintiffs' Motion for Leave to File Under Seal. Signed by Judge Rosemary M. Collyer on 3/24/10. (lcrmc1) (Entered: 03/24/2010) |
| 03/24/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Telephone Conference held on 3/24/2010. (cdw) (Entered: 03/25/2010) |
| 03/24/2010 | 177 | SEALED DOCUMENT filed by HTC AMERICA, INC., HTC CORPORATION. re #174 filed by HTC CORPORATION, HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 03/25/2010) |
| 03/26/2010 | 178 | Joint MOTION for Protective Order *[Supplemental]* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Stockwell, Mitchell) (Entered: 03/26/2010) |
| 04/12/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Telephone Conference held on 4/12/2010. (cdw) (Entered: 04/14/2010) |
| 04/13/2010 | 179 | STIPULATION FOR SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NON-PARTY QUALCOMM IN THIS CASE. Signed by Judge Rosemary M. Collyer on April 13, 2010. (cdw) (Entered: 04/13/2010) |
| 04/22/2010 | | NOTICE of Hearing: A Motion Hearing is set for 5/11/2010 at 10:00 AM in Courtroom 2, Prettyman Building, 2nd Floor, before Judge Rosemary M. Collyer. (cdw) (Entered: 04/22/2010) |
| 05/04/2010 | | MINUTE ORDER. The parties would assist the Court at the hearing on May 11, 2010, if they focused their arguments on the construction of the terms in the '216 Patent at 6:59-60 ("Fine Frequency Determination and Fine Frequency Synchronization (1.3)") and 9:36-37 ("(2.1) conducting a frame synchronization with fine frequency synchronization"). Signed by Judge Rosemary M. Collyer on 5/4/10. (lcrmc1) (Entered: 05/04/2010) |
| 05/11/2010 | 180 | TRANSCRIPT OF PROCEEDINGS before Judge Rosemary M. Collyer held on 02/16/10; Page Numbers: 1-233. Date of Issuance:3/15/10. Court Reporter/Transcriber Crystal M. Pilgrim, Telephone number 202.354.3127, Court Reporter Email Address : crystal_pilgrim@dcd.uscourts.gov.

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to |

| | | |
|---|---|---|
| | | redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 6/1/2010. Redacted Transcript Deadline set for 6/11/2010. Release of Transcript Restriction set for 8/9/2010.(Pilgrim, Crystal) (Entered: 05/11/2010) |
| 05/11/2010 | 181 | TRANSCRIPT OF PROCEEDINGS before Judge Rosemary M. Collyer held on 1/26/10; Page Numbers: 1-208. Date of Issuance:3/3/10. Court Reporter/Transcriber Crystal M. Pilgrim, Telephone number 202.354.3127, Court Reporter Email Address : crystal_pilgrim@dcd.uscourts.gov.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 6/1/2010. Redacted Transcript Deadline set for 6/11/2010. Release of Transcript Restriction set for 8/9/2010.(Pilgrim, Crystal) (Entered: 05/11/2010) |
| 05/11/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Motion Hearing held on 5/11/2010. A further Motion Hearing re the Motion to Dismiss is set for 5/27/2010 at 11:15 AM in Courtroom 2 before Judge Rosemary M. Collyer. (Court Reporter: Crystal Pilgrim) (cdw) (Entered: 05/11/2010) |
| 05/18/2010 | 182 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jeff J. Bowen, :Firm- Perkins Coie LLP, :Address- 1 East Main Street, Suite 201, Madison, WI 53703. Phone No. - (608) 663-7460. Fax No. - (608) 663-7499 by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Certificate of Service)(Skilton, John) (Entered: 05/18/2010) |
| 05/20/2010 | 183 | TRANSCRIPT OF PROCEEDINGS before Judge Rosemary M. Collyer held on 4/7/09; Page Numbers: 1-17. Date of Issuance:4/21/10. Court Reporter/Transcriber Crystal M. Pilgrim, Telephone number 202.354.3127, Court Reporter Email Address : crystal_pilgrim@dcd.uscourts.gov. |

| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2010. Redacted Transcript Deadline set for 6/21/2010. Release of Transcript Restriction set for 8/18/2010.(Pilgrim, Crystal) (Entered: 05/20/2010) |
|---|---|---|
| 05/24/2010 | | MINUTE ORDER granting 182 Motion for Leave to Appear Pro Hac Vice. Jeff Bowen may practice and appear before this Court on behalf of Plaintiffs in this matter. Signed by Judge Rosemary M. Collyer on 5/24/10. (lcrmc1) (Entered: 05/24/2010) |
| 05/27/2010 | | MINUTE ORDER denying as moot 172 Joint Motion for Extension of Time, 173 Joint Motion for Protective Order and 178 Joint Motion for Protective Order. The parties are hereby ORDERED to submit a revised joint proposed protective order reflecting their agreement with respect to procedures for disclosure to the German court. Signed by Judge Rosemary M. Collyer on 5/27/10. (lcrmc1) (Entered: 05/27/2010) |
| 05/27/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Motion Hearing held on 5/27/2010. (Court Reporter: Crystal Pilgrim) (cdw) (Entered: 06/01/2010) |
| 08/13/2010 | | Set/Reset Hearings: Telephone Conference set for 8/18/2010 03:00 PM before Judge Rosemary M. Collyer. (cdw) (Entered: 08/13/2010) |
| 08/16/2010 | 184 | TRANSCRIPT OF PROCEEDINGS before Judge Rosemary M. Collyer held on 5/27/10; Page Numbers: 1-57. Date of Issuance:7/8/10. Court Reporter/Transcriber Crystal Pilgrim, Telephone number 202.354.3127, Court Reporter Email Address : Crystal_Pilgrim@dcd.uscourts.gov.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, |

| | | |
|---|---|---|
| | | the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 9/7/2010. Redacted Transcript Deadline set for 9/16/2010. Release of Transcript Restriction set for 11/15/2010.(Pilgrim, Crystal) (Entered: 08/16/2010) |
| 08/19/2010 | | MINUTE ORDER setting a motion hearing on September 23 at 2:00 p.m. in Courtroom #2. Pursuant to a telephone conference on August 19, 2010, the parties shall file briefs of not more than ten pages on September 3 and September 10, 2010. Signed by Judge Rosemary M. Collyer on 8/19/10. (KD) (Entered: 08/19/2010) |
| 08/19/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Telephone Conference held on 8/19/2010. (cdw) (Entered: 08/19/2010) |
| 08/20/2010 | 185 | Joint MOTION for Leave to File Excess Pages by HTC AMERICA, INC., HTC CORPORATION (Skilton, John) (Entered: 08/20/2010) |
| 08/20/2010 | | MINUTE ORDER granting 185 the parties' joint Motion for Leave to File Excess Pages. The briefs on the discovery issue to be filed on September 3 and 10, 2010 shall be no longer than 15 pages. Signed by Judge Rosemary M. Collyer on 8/20/10. (KD) (Entered: 08/20/2010) |
| 08/20/2010 | | Set/Reset Hearings: Motion Hearing set for 9/23/2010 at 2:00 PM in Courtroom 2 before Judge Rosemary M. Collyer. (cdw) (Entered: 08/23/2010) |
| 08/20/2010 | | Set/Reset Deadlines/Hearings: Briefs due by 9/3/2010 and 9/10/2010. (cdw) (Entered: 08/23/2010) |
| 08/23/2010 | 186 | REDACTED TRANSCRIPT re: Transcript 184 before Judge Rosemary M. Collyer of proceedings held on 05/27/10, Page Numbers: 1-56. Date of Issuance:07/08/10. Court Reporter/Transcriber Crystal M Pilgrim, Telephone number 202.354.3127, Court Reporter Email Address : Crystal_Pilgrim@dcd.uscourts.gov.This transcript may be purchased from the Court Reporter referenced above. Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Pilgrim, Crystal) (Entered: 08/23/2010) |
| 08/25/2010 | 187 | MEMORANDUM AND OPINION on claim construction and denying HTC's motion for summary judgment. Signed by Judge Rosemary M. Collyer on 8/25/2010. (KD) (Entered: 08/25/2010) |
| 08/25/2010 | 188 | ORDER denying 132 HTC's Motion for Summary Judgment and construing patent claims. Signed by Judge Rosemary M. Collyer on 8/25/2010. (KD) (Entered: 08/25/2010) |
| 08/27/2010 | 189 | REPORT on the filing or determination of an action regarding a patent and/or trademark. (znmw, ) (Entered: 08/27/2010) |
| 09/03/2010 | 190 | MOTION to Compel *(A) Production of Documents and Disclosure of* |

| | | |
|---|---|---|
| | | *Individuals and (B) Enter Order Governing Procedure for Disclosing Sections of Patent Purchase Agreement* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 09/03/2010) |
| 09/03/2010 | 191 | NOTICE *of Filing Sealed Material [IPcom's Brief in Support of its Motion to (A) Compel Production of Documents and Disclosure of Individuals and (B) Enter Order Governing Procedure for Disclosing Sections of Patent Purchase Agreement]* by IPCOM GMBH & CO., KG (Gavin, Geoffrey) (Entered: 09/03/2010) |
| 09/03/2010 | 192 | NOTICE *of Filing Documents Under Seal (HTCs Motion to Compel Documents and Information from IPCom)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Certificate of Service)(Oblon, Michael) (Entered: 09/03/2010) |
| 09/03/2010 | 193 | SEALED Brief in Support of its Motion filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S) (zrdj). (Entered: 09/07/2010) |
| 09/03/2010 | 194 | SEALED MOTION to Compel filed by HTC AMERICA, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service, # 2 Declaration of Michael A. Oblon, # 3 Exhibit A to Declaration of Michael A. Oblon, # 4 Exhibit B to Declaration of Michael A. Oblon, # 5 Exhibit C to Declaration of Michael A. Oblon, # 6 Exhibit D to Declaration of Michael A. Oblon, # 7 Exhibit E to Declaration of Michael A. Oblon, # 8 Exhibit F to Declaration of Michael A. Oblon, # 9 Exhibit G to Declaration of Michael A. Oblon, # 10 Exhibit H to Declaration of Michael A. Oblon, # 11 Exhibit I to Declaration of Michael A. Oblon, # 12 Exhibit J to Declaration of Michael A. Oblon, # 13 Exhibit K to Declaration of Michael A. Oblon, # 14 Exhibit L to Declaration of Michael A. Oblon, # 15 Exhibit M to Declaration of Michael A. Oblon, # 16 Exhibit N to Declaration of Michael A. Oblon, # 17 Exhibit O to Declaration of Michael A. Oblon, # 18 Exhibit P to Declaration of Michael A. Oblon, # 19 Exhibit Q to Declaration of Michael A. Oblon, # 20 Exhibit R to Declaration of Michael A. Oblon, # 21 Exhibit S to Declaration of Michael A. Oblon, # 22 Exhibit T to Declaration of Michael A. Oblon, # 23 Exhibit U to Declaration of Michael A. Oblon, # 24 Text of Proposed Order, # 25 Text of Proposed Order on Disclosure Proceedures in Germany)(zrdj) (Entered: 09/07/2010) |
| 09/09/2010 | 195 | Unopposed MOTION for Extension of Time *to submit responsive briefing to the Motions to Compel* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Hart, Catherine) (Entered: 09/09/2010) |
| 09/10/2010 | | MINUTE ORDER granting 195 IPcom's unopposed Motion for Extension of Time. IPcom shall file a response to 194 HTC's motion to compel and HTC shall file a response to 190 IPcom's motion to compel no later than September 14, 2010. Signed by Judge Rosemary M. Collyer on 9/10/10. (KD) (Entered: |

| | | 09/10/2010) |
|---|---|---|
| 09/14/2010 | 196 | NOTICE *of Filing Sealed Material [IPCom's Brief in Response to HTC's Motion to Compel Documents and Information from IPCom and Exhibits]* by IPCOM GMBH & CO., KG (Stockwell, Mitchell) (Entered: 09/14/2010) |
| 09/14/2010 | 197 | NOTICE *of Filing Documents Under Seal (HTC's Opposition to IPCom's Motion to (A) Compel Production of Documents and Disclosure of Individuals and (B) Enter Order Governing Procedure for Disclosing Sections of Patent Purchase Agreement and Declaration in Support)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Certificate of Service)(Oblon, Michael) (Entered: 09/14/2010) |
| 09/14/2010 | 198 | NOTICE *of Filing Documents Under Seal (Errata Regarding the Corrected Declaration of Michael A. Oblon Filed in Support of HTC's Motion to Compel Documents and Information and Corrected Declaration)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Certificate of Service)(Oblon, Michael) (Entered: 09/14/2010) |
| 09/14/2010 | 199 | SEALED Brief in Response to HTC's Motion to Compel Documents and Information from IPCom and Exhibits filed by IPCOM GMBH & CO., KG. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Schoeller, # 2 Declaration of Kleine-Cosack, # 3 Declaration of Molnia, # 4 Declaration of Ferber, # 5 Declaration of Cate Hart, # 6 Exhibit A to Hart Declaration, # 7 Exhibit B to Hart Declaration, # 8 Exhibit C to Hart Declaration, # 9 Exhibit D to Hart Declaration, # 10 Exhibit E to Hart Declaration, # 11 Exhibit F to Hart Declaration, # 12 Exhibit G to Hart Declaration, # 13 Exhibit H to Hart Declaration, # 14 Exhibit I to Hart Declaration, # 15 Exhibit J to Hart Declaration, # 16 Exhibit K to Hart Declaration, # 17 Exhibit L to Hart Declaration, # 18 Exhibit M to Hart Declaration, # 19 Exhibit N to Hart Declaration)(zrdj) (Entered: 09/15/2010) |
| 09/14/2010 | 200 | SEALED Opposition to IPCom's Motion to (A) Compel Production of Documents and Disclosure of Individuals and (B) Enter Order Governing Procedure for Disclosing Sections of Patent Purchase Agreement and Declaration in Support filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Michael Oblon, # 2 Exhibit 1 to Declaration of Michael Oblon, # 3 Exhibit 2 to Declaration of Michael Oblon, # 4 Exhibit 3 to Declaration of Michael Oblon, # 5 Exhibit 4 to Declaration of Michael Oblon, # 6 Exhibit 5 to Declaration of Michael Oblon, # 7 Exhibit 6 to Declaration of Michael Oblon, # 8 Certificate of Service)(zrdj) (Entered: 09/15/2010) |
| 09/14/2010 | 201 | SEALED Errata Regarding the Corrected Declaration of Michael A. Oblon Filed in Support of HTC's Motion to Compel Documents and Information and Corrected Declaration filed by HTC AMERICA, INC., HTC CORPORATION. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Corrected Declaration of Michael A. Oblon, # 2 Exhibit A to Oblon Declaration, # 3 Exhibit B to Oblon Declaration, # 4 Exhibit C to Oblon Declaration, # 5 Exhibit D to |

| | | |
|---|---|---|
| | | Oblon Declaration, # 6 Exhibit E to Oblon Declaration, # 7 Exhibit F to Oblon Declaration, # 8 Exhibit G to Oblon Declaration, # 9 Exhibit H to Oblon Declaration, # 10 Exhibit I to Oblon Declaration, # 11 Exhibit J to Oblon Declaration, # 12 Exhibit K to Oblon Declaration, # 13 Exhibit L to Oblon Declaration, # 14 Exhibit M to Oblon Declaration, # 15 Exhibit N to Oblon Declaration, # 16 Exhibit O to Oblon Declaration, # 17 Exhibit P to Oblon Declaration, # 18 Exhibit Q to Oblon Declaration, # 19 Exhibit R to Oblon Declaration, # 20 Exhibit S to Oblon Declaration, # 21 Exhibit T to Oblon Declaration, # 22 Exhibit U to Oblon Declaration, # 23 Certificate of Service)(zrdj) (Entered: 09/15/2010) |
| 09/22/2010 | 202 | NOTICE *of Request to Discuss Scheduling Order at September 23, 2010 Hearing* by IPCOM GMBH & CO., KG (Gavin, Geoffrey) (Entered: 09/22/2010) |
| 09/22/2010 | 203 | MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order) (Gavin, Geoffrey) (Entered: 09/22/2010) |
| 09/23/2010 | 204 | Unopposed MOTION for Order *to Enter Stipulation and Order Regarding U.S. Patent No. 6,879,830* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order)(Gavin, Geoffrey) (Entered: 09/23/2010) |
| 09/23/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Motion Hearing held on 9/23/2010 re 176 Motion for Clarification/Reconsideration, 190 Motion to Compel, 194 SEALED MOTION, and 202 Request to Modify the Schedule. Motions heard and taken under advisement. (Court Reporter: Crystal Pilgrim) (cdw) (Entered: 09/28/2010) |
| 09/24/2010 | | MINUTE ORDER scheduling a telephone hearing on October 1, 2010 at 2:30 p.m. regarding 194 HTC's motion to compel. Signed by Judge Rosemary M. Collyer on 9/24/10. (KD) (Entered: 09/24/2010) |
| 09/24/2010 | | Set/Reset Hearings: Telephone Conference set for 10/1/2010 at 2:30 PM before Judge Rosemary M. Collyer. (cdw) (Entered: 09/24/2010) |
| 09/24/2010 | | MINUTE ORDER granting in part and denying in part 190 IPCom's Motion to Compel for the reasons stated on the record September 23, 2010. IPCom's motion is granted only to the extent that it requests the name of the Qualcomm employee to whom Dr. Rose spoke. HTC shall produce the name of this person to IPCom no later than October 8, 2010. IPCom's motion 190 is denied in all other respects. Signed by Judge Rosemary M. Collyer on 9/24/10. (KD) (Entered: 09/24/2010) |
| 09/24/2010 | | MINUTE ORDER setting briefing schedule on motions to reconsider the Markman Opinion 187 and Order 188 . HTC shall file its motion to reconsider combined with a response to 203 IPCom's motion for reconsideration no later than October 8, 2010; IPCom shall file a response to HTC's motion for reconsider combined with a reply to 203 no later than October 22, 2010. HTC shall file a reply no later than October 29, 2010. Fact |

| | | |
|---|---|---|
| | | discovery shall be completed no later than January 31, 2010. Deadlines for expert reports and discovery and dispositive motions are suspended until further Court order. Signed by Judge Rosemary M. Collyer on 9/24/10. (KD) (Entered: 09/24/2010) |
| 09/24/2010 | | MINUTE ORDER correcting clerical error. Fact discovery shall be completed no later than January 31, 2011. Signed by Judge Rosemary M. Collyer on 9/24/10. (KD) Modified on 9/27/2010 (cdw). (Entered: 09/24/2010) |
| 09/24/2010 | | Set/Reset Deadlines/Hearings: Fact Discovery closes 1/31/2011. Motion for Reconsideration due by 10/8/2010. Response due by 10/22/2010 Reply due by 10/29/2010. Reply to 203 due by 10/22/2010. (cdw) (Entered: 09/27/2010) |
| 09/24/2010 | | Set/Reset Hearings: Motion Hearing set for 10/1/2010 at 2:30 PM before Judge Rosemary M. Collyer. (cdw) (Entered: 09/27/2010) |
| 09/27/2010 | 205 | ORDER ON DISCLOSURE PROCEDURES IN GERMANY. Signed by Judge Rosemary M. Collyer on September 23, 2010. (cdw) (Entered: 09/28/2010) |
| 09/27/2010 | 206 | STIPULATION AND ORDER REGARDING U.S. PATENT NO. 6,879,830. Signed by Judge Rosemary M. Collyer on September 23, 2010. (cdw) (Entered: 09/28/2010) |
| 09/29/2010 | 207 | NOTICE OF APPEAL as to 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment, 206 Stipulation and Order by IPCOM GMBH & CO., KG. Filing fee $ 455, receipt number 0090-2307988. Fee Status: Fee Paid. Parties have been notified. (Gavin, Geoffrey) (Entered: 09/29/2010) |
| 09/29/2010 | 208 | ENTERED IN ERROR.....Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 207 Notice of Appeal. (rdj) Modified on 9/30/2010 (rdj). (Entered: 09/29/2010) |
| 09/30/2010 | | NOTICE OF CORRECTED DOCKET ENTRY: re 208 Transmission of Notice of Appeal and Docket Sheet to USCA was inadvertently transmitted to this court and will be correctly transmitted to the USCA for the Federal Circuit. (rdj) (Entered: 09/30/2010) |
| 09/30/2010 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals FOR THE FEDERAL CIRCUIT . The Court of Appeals fee was paid this date re 207 Notice of Appeal, (rdj) (Entered: 09/30/2010) |
| 09/30/2010 | | MINUTE ORDER denying as moot 176 IPCom's motion for clarification or partial consideration. The Court resolved this issue in 205 Order on Disclosure Procedures in Germany. Signed by Judge Rosemary M. Collyer on 9/30/2010. (KD) (Entered: 09/30/2010) |
| 10/01/2010 | | Minute Entry for proceedings held before Judge Rosemary M. Collyer: Motion Hearing held on 10/1/2010. (Court Reporter: Crystal Pilgrim) (cdw) (Entered: 10/06/2010) |
| 10/05/2010 | 209 | NOTICE OF DOCKETING re 207 Notice of Appeal.USCA for the Federal |

| | | |
|---|---|---|
| | | Circuit Case Number 2011-1004. (kb) (Entered: 10/08/2010) |
| 10/08/2010 | 210 | MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *(Construction of Certain Claim Terms from the '216 and '751 Patents)* by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Affidavit Declaration of Michael A. Oblon, # 2 Exhibit 1 of Oblon Declaration, # 3 Exhibit 2 of Oblon Declaration)(Oblon, Michael) (Entered: 10/08/2010) |
| 10/22/2010 | 211 | Memorandum in opposition to re 210 MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *(Construction of Certain Claim Terms from the '216 and '751 Patents)* MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *(Construction of Certain Claim Terms from the '216 and '751 Patents) and Reply in Support of IPCom's Motion for Reconsideration (Dkt. 203)* filed by IPCOM GMBH & CO., KG. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Gavin, Geoffrey) (Entered: 10/22/2010) |
| 10/22/2010 | 212 | Memorandum in opposition to re 203 MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Affidavit Declaration of Jonathan M. James, # 2 Exhibit 1)(Oblon, Michael) (Entered: 10/22/2010) |
| 10/22/2010 | 213 | REPLY to opposition to motion re 203 MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* filed by IPCOM GMBH & CO., KG. (See Docket Entry 211 to view document. Counsel is instructed to docket the Reply as a separate docket entry in the future) (rdj) (Entered: 10/25/2010) |
| 10/25/2010 | 214 | NOTICE *of Compliance* by HTC AMERICA, INC., HTC CORPORATION re 212 Memorandum in Opposition,, (Oblon, Michael) (Entered: 10/25/2010) |
| 10/26/2010 | | MINUTE ORDER requiring IPCom to file a Reply in support of 203 IPCom's motion for reconsideration and requiring HTC to file a Reply in support of 210 HTC's motion for reconsideration no later than November 1, 2010. Signed by Judge Rosemary M. Collyer on 10/26/10. (KD) (Entered: 10/26/2010) |
| 10/26/2010 | 215 | SEALED MEMORANDUM & OPINION (This document is SEALED and only available to authorized persons.)Signed by Judge Rosemary M. Collyer on October 25, 2010.(cdw) (Additional attachment(s) added on 11/23/2010: # |

| | | 1 Redacted Version) (zrdj). (Entered: 10/26/2010) |
|---|---|---|
| 10/26/2010 | 216 | ORDER granting in part and denying in part 194 Sealed Motion to Compel. Signed by Judge Rosemary M. Collyer on October 25, 2010. (cdw) (Entered: 10/26/2010) |
| 10/27/2010 | 217 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Tyler R. Bowen, :Firm- Perkins Coie Brown & Bain P.A., :Address- 2901 N. Central Ave., Suite 2000, Phoenix, AZ 85012. Phone No. - 602-351-8448. Fax No. - 602-648-7007 by HTC AMERICA, INC., HTC CORPORATION (Attachments: # 1 Declaration of Tyler R. Bowen, # 2 Text of Proposed Order)(Oblon, Michael) (Entered: 10/27/2010) |
| 10/28/2010 | | MINUTE ORDER granting 217 Motion for Leave to Appear Pro Hac Vice. Tyler Bowen may appear pro hac vice on behalf of HTC Corporation and HTC America, Inc. Signed by Judge Rosemary M. Collyer on 10/28/10. (KD) (Entered: 10/28/2010) |
| 11/01/2010 | 218 | REPLY to opposition to motion re 203 MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *and Supporting Brief for Limited Reconsideration of the Court's Claim Construction Order on the '751 Patent* filed by IPCOM GMBH & CO., KG. (Gavin, Geoffrey) (Entered: 11/01/2010) |
| 11/01/2010 | 219 | REPLY to opposition to motion re 210 MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *(Construction of Certain Claim Terms from the '216 and '751 Patents)* MOTION for Reconsideration re 187 Memorandum & Opinion, 188 Order on Motion for Summary Judgment *(Construction of Certain Claim Terms from the '216 and '751 Patents)* filed by HTC AMERICA, INC., HTC CORPORATION. (Attachments: # 1 Affidavit Declaration of Tyler R. Bowen, # 2 Exhibit Index & Exhibits 1-4)(Oblon, Michael) (Entered: 11/01/2010) |
| 11/05/2010 | 220 | SEALED Memorandum Opinion (zcdw) (Additional attachment(s) added on 11/23/2010: # 1 Redacted Version) (zrdj). (Entered: 11/05/2010) |
| 11/05/2010 | 221 | ORDER granting in part and denying in part 78 IPCom's motion for the application of German law; granting 77 IPCom's motion to dismiss; dismissing 147 HTC's antitrust and breach of contracts counterclaim; and requiring IPCom to license in accordance with the Memorandum Opinion. Signed by Judge Rosemary M. Collyer on November 5, 2010. (cdw) (Entered: 11/05/2010) |
| 11/08/2010 | | MINUTE ORDER requiring the parties to file, no later than November 22, 2010, a joint proposal to redact 215 the sealed Memorandum Opinion regarding HTC's motion to compel and 220 the sealed Memorandum Opinion regarding IPCom's motion for application of German law and motion to dismiss counterclaims and to file the redacted versions of those Opinions on the publically available docket. Signed by Judge Rosemary M. Collyer on |

| | | |
|---|---|---|
| | | 11/8/1010. (KD) (Entered: 11/08/2010) |
| 11/08/2010 | | Set/Reset Deadlines/Hearings: Joint proposal due by 11/22/2010. (cdw) (Entered: 11/09/2010) |
| 11/22/2010 | 222 | MOTION for Order *[to Enter Order on Defendant IPCom's Motion for Stay of Execution of Disclosure Order]* by IPCOM GMBH & CO., KG (Attachments: # 1 Text of Proposed Order IPCom's Proposed Order, # 2 Text of Proposed Order HTC's Proposed Order)(Stockwell, Mitchell) (Entered: 11/22/2010) |
| 11/22/2010 | 223 | RESPONSE TO ORDER OF THE COURT re Order, *[Joint Proposal to Redact]* filed by IPCOM GMBH & CO., KG. (Attachments: # 1 Redacted Dkt. 215, # 2 Redacted Dkt. 220)(Hart, Catherine) (Entered: 11/22/2010) |
| 11/23/2010 | 224 | MEMORANDUM AND OPINION on motions for reconsideration of claims construction. Signed by Judge Rosemary M. Collyer on 11/23/2010. (KD) (Entered: 11/23/2010) |
| 11/23/2010 | 225 | ORDER granting 203 IPCom's Motion for Reconsideration and denying 210 HTC's Motion for Reconsideration. Signed by Judge Rosemary M. Collyer on 11/23/2010. (KD) (Entered: 11/23/2010) |
| 11/23/2010 | 226 | ORDER GRANTING DEFENDANT IPCOM'S MOTION FOR STAY OF EXECUTION OF DISCLOSURE ORDER. Signed by Judge Rosemary M. Collyer on November 22, 2010. (cdw) (Entered: 11/23/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/24/2010 10:54:46 | | |
| PACER Login: | ks1533 | Client Code: | 370271 |
| Description: | Docket Report | Search Criteria: | 1:08-cv-01897-RMC |
| Billable Pages: | 30 | Cost: | 2.40 |