*Let this be filed*
*Fill Coller –*
*11/21/11*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., ) ) ) ) Plaintiffs, ) ) v. ) IPCOM GmbH & CO., KG, ) ) Defendant. ) ) | Civil Action No. 08-1897 (RMC) ~~UNDER SEAL~~ PUBLIC VERSION |

## MEMORANDUM OPINION AND ORDER

HTC Corporation and HTC America, Inc. (collectively "HTC") seek a declaratory judgment that their products do not infringe U.S. Patent No. 5,390,216 (" '216 Patent") held by IPCom GmbH & Co., KG ("IPCom"). IPCom counterclaims alleging that HTC products do in fact infringe.[1] HTC moves to compel IPCom to produce documents related to the '216 Patent that are presently located at the New York law firm of Holtz, Holtz, Goodman & Chick (the "Holtz firm"). The Holtz firm handled the prosecution of the '216 Patent, and HTC contends that IPCom controls these documents. As explained below, the Court will grant HTC's motion.

### I. FACTS

IPCom is a German company that now owns a family of telephony patents developed initially by Robert Bosch GmbH ("Bosch"), also a German firm. IPCom purchased the patents from

---

[1] IPCom also claims that HTC products infringe Patent No. 7,043,751.

Bosch pursuant to a Patent Purchase Agreement ("PPA"). *See* PPA [Dkt. # 60-1].[2] Under the terms of the PPA, █████████████████████████████████

█████████████████████████████████

█████████████████████

████

█

█████████████████████
█████████████████████
█████████████████████
█████████████████████

█

█████████████████████
█████████████████████

█████████████████████

---

[2] The PPA provides:

█████████████████████
█████████████████████

█████████████████████
█████████████████████
█████████████████████
█████████████████████

█████████████████████



. . . .

PPA § 6(2) (emphasis added). IPCom signed the Minutes of Closing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* HTC Mot. to Compel [Dkt. # 297], Oblon Decl., Ex. 1 (Minutes of Closing).

Further, § 8(2) of the PPA provides:



*Id.* § 8(2). Thus, Bosch was also supposed to give its correspondence regarding the Patents to IPCom.

In sum, Bosch sold its telephony patents to IPCom and also sold the back-up documentation necessary for enforcement of those patents. As this Court held on October 26, 2010:

> Clearly, IPCom could not enforce the patents without the back-up documentation. . . . . Bosch ceased to own and control the documents and IPCom came to own and control them for IPCom's purposes in marketing and defending the patents.

Mem. Op. [Dkt. # 215] at 10-11. The Court concluded that "IPCom 'controls' the Bosch documents that the Frohwitter Law Firm holds on IPCom's behalf." *Id.* at 17. Also, while all these documents were privileged when owned by Bosch, this Court held that (1) IPCom did not succeed to the attorney-client privilege held by Bosch and (2) Bosch waived its privilege when it sold and exposed the documents to IPCom. *Id.* Thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Bosch has no interest, legal

or otherwise, in these documents. *Id.*

The Court ordered IPCom to produce the following categories of documents pursuant to a protective order:

> (1) Invention Disclosure and Notification Statements and communications between Bosch employees in Germany and Bosch in-house counsel in Germany;
>
> (2) Correspondence between Bosch in-house counsel in Germany and Japanese patent counsel for Bosch regarding Japanese patent application 292 374/92 (a Japanese patent application that is in the same family as the '216 Patent); and
>
> (3) Correspondence between the Bosch patent department and U.S. patent prosecution counsel regarding the U.S. Patent Application, Serial No. 09-914,967, that issued as the '751 patent.

Order [Dkt. # 216] at 1-2. The Court also ordered that IPCom "shall not assert the attorney-client privilege to prevent inventors or prosecution counsel from testifying regarding communications to or from Bosch relating to the prosecution of U.S. Patent Nos. 5,390,216 and 7,043,751." *Id.* at 2. IPCom sought a writ of mandamus from the Federal Circuit, asking the Federal Circuit to reverse or vacate this Court's October 26, 2010 Opinion and Order. The Federal Circuit denied the writ. *See* HTC's Mot. to Compel [Dkt. # 297], Oblon Decl., Ex. 2 (Fed. Cir. Op. June 22, 2011).

HTC has now become aware that U.S. patent prosecution counsel for Bosch, the Holtz firm, has possession of documents relating to the '216 Patent. It seems that while the Frohwitter Law Firm confirmed at closing that it had "possession" of all relevant documents held by Bosch's advisors, in fact certain documents remained with counsel in New York. HTC has issued a subpoena for the documents, but counsel for the Holtz firm objected, raising privilege issues. HTC now moves to compel IPCom to obtain all documents presently located at the Holtz firm that

relate to the '216 Patent prosecution and produce them to HTC.[3]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Further, Rule 34(a) provides that a litigant may request the production of documents in the possession, custody, or control of a party. Fed. R. Civ. P. 34(a). "Control" is the legal right to obtain documents on demand. *DL v. District of Columbia*, 251 F.R.D. 38, 46 (D.D.C. 2008). As the party seeking discovery via a motion to compel, HTC has the burden of proving that the discovery response is inadequate. *See Covad Comm. Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009).

## III. ANALYSIS

IPCom claims that it does not have control over the documents because they are held by the Holtz firm, and IPCom has never had any relationship with the Holtz firm. But this is not the test. In order for HTC to obtain documents from IPCom that are in the possession of the Holtz firm, HTC must show that IPCom has a legal right to demand that the Holtz firm turn over the documents. *See DL*, 251 F.R.D. at 46. HTC has made this showing.

Under § 6(2) of the Patent Purchase Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] HTC prepared to file a motion to compel compliance with the subpoena in the Southern District of New York – under seal, as the motion quoted portions of the PPA. IPCom refused to allow access to the sealed pleading to counsel for the Holtz firm, despite counsel's agreement to comply with the protective order. As a result, HTC did not file its motion in New York.

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
███

      IPCom points out that German law governs the interpretation of the Patent Purchase Agreement. *See* Mem. Op. [Dkt. # 220] at 9 (German law applies to the PPA and U.S. law applies to the rights to the U.S. Patents transferred by the PPA).[4] Even so, IPCom does not assert what the law of Germany is or how it should affect the Court's understanding of the PPA. It is this Court's view that the PPA need not be interpreted. Here, the Court applies its plain meaning. Therefore, German law regarding contract interpretation has no bearing on the issue before the Court.

      No party contests the fact that U.S. discovery rules apply to this litigation. Furthermore, because U.S. privilege law applies to communications that "touch base" with the United States, *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1444-45 (D. Del. 1989), U.S. privilege law applies to the '216 Patent prosecution documents held by the Holtz firm in New York. Bosch turned over ownership and control of all of those documents it transferred to IPCom ███████████████, thereby waiving any attorney-client privilege as to those documents. *See* Mem. Op. [Dkt. # 215] at 17. Because IPCom "controls" the '216 Patent prosecution documents that the Holtz firm has in its possession, the documents must be produced under the existing protective order.

---

[4] Under D.C. law, whether a contract is ambiguous is a question of law for the court. *See Holland v. Hannan*, 456 A.2d 807, 815 (D.C. 1983). A contract is not rendered ambiguous merely because the parties disagree over its proper interpretation. *Id.* Instead, a contract is ambiguous when, and only when, the provisions in controversy are reasonably susceptible of two or more different interpretations. *See Burbridge v. Howard Univ.*, 302 A.2d 245, 247 (D.C. 1973).

## IV. CONCLUSION

Therefore, it is hereby **ORDERED** that HTC's motion to compel [Dkt. # 297] is **GRANTED**. IPCom shall obtain all documents presently located at the Holtz firm that relate to the prosecution of the '216 Patent and produce them to HTC.[5] No later than November 18, 2011, the parties shall submit a proposed redacted version of this Memorandum Opinion and Order for Court approval and subsequent filing on the public docket.

Date: November 10, 2011
                                                 /s/
                                      ROSEMARY M. COLLYER
                                      United States District Judge

---

[5] This Order to produce documents does not include copies of Bosch-era licenses of the Patents. *See* Mem. Op. [Dkt. # 215] at 6-8.

-7-